◼ VICTOR B. SACKS, an Infant, by ANNE SACKS, His Parent, et al., Appellants, v. TOWN OF THOMPSON et al., Respondents.— STALEY, JR., J. Appeal from an order of the Supreme Court at Special Term, entered January 10, 1969 in Sullivan County, which denied plaintiff's motion to strike from the

demand for a bill of particulars of the defendant, County of Sullivan, and of the defendant, Town of Thompson, that part thereof which requires the plaintiff to specify the statutes, local laws, ordinance rules and regulations claimed to have been violated by the defendants. The action was brought to recover for personal injuries suffered by the plaintiff, Victor B. Sacks, as the result of his automobile striking a dead-end barrier in the Town of Thompson in Sullivan County. The complaint alleges in part that the defendants were jointly and/or severally, in whole or in part the owners and persons in control of the area of the highway in question, and that they had a duty to maintain the highway in a safe condition, including a duty to inspect, repair and erect proper warning signs, and that the highway area was not in a safe and proper condition, there being no properly visible or duly illuminated warning signs, barricades or devices as to the dead-end condition of the highway. CPLR 3043 (subd. [a]) specifies the particulars which may be required in a personal injury action, but the list of particulars set forth therein does not include statutes, laws, rules or regulations. CPLR 3043 (subd. [b]), however, gives the court discretion in a proper case to grant " other, further or different particulars." It is well settled that a bill of particulars serves the function of defining the issues and may be demanded to assist in the preparation for and to avoid surprises at the trial. (*Bjork* v. *Post & McCord*, 125 App. Div. 813; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par 3041.03.) There appears to be no doubt that where the complaint alleges that there has been a statutory violation, the plaintiff will be required to specify the statutes, laws, rules or regulations claimed to have been violated. (*Smith* v. *Woodbury Farms & Realty Corp.*, 265 App. Div. 885; *Kozak* v. *Berger*, 42 Misc 2d 119; *Hanlon* v. *Geary*, 19 Misc 2d 827; *Sepe* v. *Johnson*, 157 N. Y. S. 2d 781; 6 Carmody-Wait 2d, N. Y. Prac., § 36.39, p. 230; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3041.13.) The language of the complaint setting forth the allegations of negligence on the part of the defendants infers a violation of duties imposed on the defendants and, in our opinion, presents a proper case for the court in its discretion to grant the particulars sought by the defendants here. (CPLR 3043, subd. [b].) As a general rule appellate courts will not interfere with the discretion of Special Term in non-prejudicial rulings with respect to the items of a demand for a bill of particulars unless such rulings are wholly without merit. The case of *Gevinson* v. *Kirkeby-Natus Corp.* (26 A D 2d 71), relied upon by the appellants, is not controlling here. The *Gevinson* case was not a negligence action, but involved a multi-million dollar action for conversion of property, and the court held that the plaintiffs were not required to detail in a bill of particulars the statutes of a sister State since the court must take judicial notice of the law of the sister State. While the court must take judicial notice of the laws of a State, the detailing of the statutes relied on by the plaintiff to prove the case, particularly in a negligence action, apprises the defendant of the evidence required to be presented to come within the statute, and affords him an opportunity to prepare his defense. In this respect it would be helpful to require the pleader to specify the particular statutes, ordinances, rules or regulations which he claims have been violated and comes within the discretion of the trial court. Order affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Staley, Jr., J.