■ · GEORGE W. PATICOPOULOS et al., Doing Business as THE ARTISTIC PRESS, Respondents, v. SLOCUM HOUSE, INC., et al., Appellants. (And Four Other Actions.) — HERLIHY, P. J. Appeal by the individual and corporate defendants from an order of the Supreme Court at Special Term, entered in Albany County on May 26, 1969. The plaintiffs commenced separate actions against five corporations and in two of those actions joined Robert Slocum as a codefendant. Each action is based upon the failure of the named corporate defendant to honor a check or note payable to the plaintiffs. After issue was joined, the defendants in August of 1968 demanded bills of particulars in each action. The plaintiffs made no response to such demands and in February of 1969 served notice to take the deposition of Robert W. Slocum as a party and an employee of the individual corporate defendants. The actions have been joined for trial, but have not been consolidated. The defendants moved to vacate the notice of examination or for protection. The notice of examination does not specify that it is to be a single examination as to all five cases, but the parties have so considered its effect and Special Term has expressly held a single examination permissible in this case. An affidavit by Robert Slocum submitted on the instant motion shows that he is president of each of the corporations and has personal knowledge of the transactions incurred. Despite the interrelationship of the corporate defendants, the issues in these cases concern the defendants individually and the lack of consolidation of the cases would ordinarily require separate examinations before trial of each defendant. However, in the present circumstances, in view of defendant Slocum's affidavit wherein it was alleged that "For purposes of these actions, all the corporate defendants may be deemed the same" and in view of the fact that these five actions are ultimately to be tried together, no reason exists for five separate examinations before trial and

this is so in the present instance when the concededly close relationship in terms of management between the five defendants is considered. The corporate defendants object to the designation by plaintiffs of Robert Slocum as their employee to be examined in each case. Ordinarily the choice of employee would lie first with the defendant; however, in view of the affidavit of Robert Slocum as to his knowledge of the issues and position as president of each corporation, which affidavit was previously relied upon by the corporate defendants in a prior motion for consolidation, it appears that his designation by the plaintiffs was proper and should result in furthering the purposes of the oral examination. Accordingly, a vacation of the notice on this ground was properly denied by Special Term. The CPLR does not expressly provide that demands for bills of particulars must be honored prior to demanding an oral examination of a party. Although bills of particulars are contained in CPLR article 30 dealing with "REMEDIES AND PLEADING" instead of article 31 which deals with "DISCLOSURE", bills of particulars are a device whereby limited disclosure is had as to causes of action or defenses, as well as serving the function of limiting issues. It has been the rule for some time in this Department that "it is not necessary that a bill of particulars be furnished in response to an outstanding demand before the examination before trial is held" (*Coonradt* v. *Walco,* 55 Misc 2d 557, 559; see, also, *Klebs* v. *Rockland Light & Power Co.,* 277 App. Div. 954). The rationale for the rule has been that an adequate remedy — a preclusion order pursuant to CPLR 3042 (subd. [c]) — exists for one's failure to furnish a bill of particulars (see *Rodriguez* v. *Manhattan & Bronx Surface Tr. Operating Auth.,* 40 Misc 2d 1053). Moreover, it has been recognized that the information elicited at the examination before trial is frequently necessary in order to effectively comply with the demand for a bill of particulars (*Klebs* v. *Rockland Light & Power Co., supra; Coonradt* v. *Walco, supra*). Ordinarily the question of priority as between the filing of a bill of particulars and the holding of an examination before trial is within the discretion of Special Term. Order affirmed, with $25 costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Herlihy, P. J.