■ JAMES B. FLYNN, as Executor of BERNARD J. FLYNN, Deceased, et al., Respondents, v MARIO & DI BONO PLASTERING CO., INC., et al., Defendants. UNITED STATES MINERAL PRODUCTS COMPANY, Third-Party Plaintiff-Respondent, v KARL KOCH ERECTING COMPANY INCORPORATED, Third-Party Defendant-Appellant.—Order, Supreme Court, New York County, entered August 8, 1975, denying the third-party defendant's motion for an order of preclusion or, alternatively, compelling plaintiffs and third-party plaintiff to provide certain particulars of their alleged causes of action, unanimously reversed, on the law and in the exercise of discretion, and respondents are directed to furnish a further bill of particulars. Appellant shall recover of plaintiffs-respondents and third-party plaintiff-respondent one bill of $40 costs and disbursements of this appeal. Plaintiffs' testate, an iron worker employed by the appellant-third-party defendant, allegedly died as a result of lung cancer contracted because of inhalation of an asbestos-based product used at the construction site. In an amended complaint seeking damages for decedent's wrongful death it is alleged the defendant and third-party plaintiff, the manufacturer and supplier of the asbestos product involved, was negligent in that it failed to comply with the applicable Federal, State and city statutes, rules and regulations. The third-party complaint, in turn, charges appellant failed to meet those same requirements. In response to a demand for particulars regarding what, if any, statutes or regulations appellant allegedly violated, respondents, without specifying, stated appellant violated those statutes, laws, ordinances, etc., of which the court could or would take judicial notice at the time of trial. The third-party plaintiff also observed that since these statutes and ordinances, etc., are matters of public record, appellant was charged with knowledge thereof. In tort actions, where a statutory violation is being asserted, it is incumbent upon the suing party to identify the particular statute, law, ordinance, rule or regulation claimed to have been violated. *(Sacks v Town of Thompson,* 33 AD2d 627.) Concur—Kupferman, J. P., Birns, Capozzoli, Lane and Yesawich, JJ.

■

## (May 20, 1976)

■ In the Matter of CHARLES C. CONNELLY, Appellant, v CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered on September 18, 1975, unanimously affirmed for the reasons stated by Frank, J., at Special Term, without costs and without disbursements. Concur—Murphy, J. P., Birns, Silverman, Capozzoli and Nunez, JJ.