■ DORIS A. COUGHLIN et al., Appellants, v SOCRATES FESTIN, Respondent, and ST. PETER'S HOSPITAL, Defendant.—Appeal from an order of the Supreme Court at Special Term, entered February 6, 1976 in Albany County, which conditionally granted respondent Festin's motion to preclude. Plaintiffs brought this action to recover damages for personal injuries alleged to have been sustained by plaintiff-wife because of the alleged malpractice of the respondent Festin and the defendant hospital. The plaintiff husband seeks recovery on his derivative claim. The action was commenced on or about August 18, 1975 by service of a summons and complaint. Respondent served his answer on October 2, 1975 and with his answer served a demand for a bill of particulars which requested specific details on 21 separate items. Plaintiffs made no motion to vacate or modify respondent's demand and on October 28, 1975 served a verified bill of particulars purporting to respond to respondent's demands. On or about November 4, 1975 respondent made a motion to preclude plaintiffs from giving evidence at trial with respect to respondent's demands number "3", "14", "16", "17" on the ground that the particulars were inadequate and defective. The plaintiffs had not conducted or had a reasonable time to complete a pretrial examination prior to the service of the motion papers to preclude. Plaintiffs argued before Special Term that they were unable to furnish additional specific details in response to the demand until after completion of pre-trial examination. Special Term in a written decision held that plaintiffs' bill of particulars was defective and inadequate as to the matters complained of and granted the 10-day conditional order of preclusion appealed from. Item "14" demanding items on special damages is not before this court as plaintiffs claim they have since obtained the necessary information and served a supplemental bill as to the items of special damages. In Items "3" and "17" respondent demanded detailed statements specifying the acts or omissions constituting the negligence claim. Plaintiffs' bill of particulars in response to Items "3" and "17" are elaborate and appear to satisfy the requirements of a bill of particulars in a personal injury action which must contain a "General statement of the acts or omissions constituting the negligence claimed" (CPLR 3043, subd [a], par [3]). Respondent claims that if plaintiffs were unwilling to give the particulars demanded, plaintiffs should have moved to vacate or modify the demand (CPLR 3042). Plaintiffs were willing to give the particulars demanded to the extent possible before their pretrial examination. Plaintiffs might have obtained relief if they had moved to vacate or modify the demand. In *Cirelli v Victory Mem. Hosp.* (45 AD2d 856, 857) the court said: "In our opinion a bill of particulars in a medical malpractice action, as in any action for personal injuries, requires a 'general statement of the acts or

---

omissions constituting the negligence claimed' (CPLR 3043, subd. [a], par. [3]). We apprehend no beneficial reason to put the plaintiff in a malpractice action (who most often is less likely than the defendant to have knowledge of proper 'surgical procedures', 'medicines' and 'tests') to a greater burden than plaintiffs in other types of personal injury actions. As has often been stated, the purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial, but not to provide evidentiary material". Special Term in its opinion stated "Demand '16' requires statutory violation to be made specific." In *Sacks v Town of Thompson* (33 AD2d 627, 628) the court said: "There appears to be no doubt that where the complaint alleges that there has been a statutory violation, the plaintiff will be required to specify the statutes, laws, rules or regulations claimed to have been violated." The plaintiffs do not allege in their complaint that there has been a statutory violation, and yet the court has ordered plaintiffs to amplify the complaint by specifying the statutory violation relied upon. A party is not required to plead domestic law *(Long v Pan Amer. World Airways,* 16 NY2d 337). "It is enough now that a pleader state the facts making out a cause of action, and it matters not whether he gives a name to a cause of action at all or even that he gives it a wrong name." *(Diemer v Diemer,* 8 NY2d 206, 212; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3013.05.) Plaintiffs have indicated a willingness to furnish a specific statement of statutory violations relied upon after the completion of pretrial examination. Under the circumstances, we conclude that the motion to preclude was premature. As this court stated in *Paticopoulos v Slocum House* (33 AD2d 960, 961): "It has been the rule for some time in this Department that it is not necessary that a bill of particulars be furnished in response to an outstanding demand before the examination before trial is held *(Coonradt v. Walco,* 55 Misc 2d 557, 559; see, also, *Klebs v. Rockland Light & Power Co.,* 277 App. Div. 954). The rationale for the rule has been that an adequate remedy—a preclusion order pursuant to CPLR 3042 (subd. [c])—exists for one's failure to furnish a bill of particulars (see *Rodriquez v. Manhattan & Bronx Surface Tr. Operating Auth.,* 40 Misc 2d 1053). Moreover, it has been recognized that the information elicited at the examination before trial is frequently necessary in order to effectively comply with the demand for a bill of particulars *(Klebs v. Rockland Light & Power Co., supra; Coonradt v. Walco, supra)."* If a bill of particulars is not required until after the examination before trial is held, failure to furnish before the examination cannot be made a ground for preclusion prior thereto. The same result is mandated in this situation in which plaintiff has served an extensive bill of particulars in response to the demand, which respondent claims is defective. As the court said in *Nelson v New York Univ. Med. Center* (51 AD2d 352, 355), "it frequently happens especially in technical cases such as malpractice actions that some information plaintiffs just do not have. But we think that merely calls for a frank and honest statement that plaintiff does not have the information, to be followed by a supplemental bill of particulars giving the information when it is obtained, presumably before the statement of readiness." Justice requires that the preclusion order be reversed and that appellants complete or have reasonable time to complete an examination before trial, and after the examination appellants must be given opportunity to furnish a supplemental bill. If the supplemental bill, if any, does not appear to satisfy respondent's demand, respondent can then move to preclude. Order reversed, on the law and the facts, without costs, with leave to serve a supplemental bill of particulars after completion of their examination before trial or after the expiration of a

reasonable time to complete an examination, and with leave to respondent to renew his motion to preclude after the service of plaintiffs' supplemental bill, if any. Greenblott, J. P., Sweeney, Mahoney, Herlihy and Reynolds, JJ., concur.