CHARLES MILLER, Appellant, v JOSEPH PERILLO et al., Defendants, and RIVERBAY CORP., Also Known as CO-OP CITY, et al., Respondents.

First Department, December 13, 1979

### APPEARANCES OF COUNSEL

*Norman E. Frowley* of counsel *(Fuchsberg & Fuchsberg,* attorneys), for appellant.

*Nathan Cyperstein* of counsel *(Alvin P. Bluthman* and *Joel L. Friedlander* with him on the brief; *Gantman, Cyperstein & Peckman,* attorneys), for respondents.

### OPINION OF THE COURT

KUPFERMAN, J. P.

Plaintiff-appellant was an employee of a subcontractor at the Co-op City, Bronx, construction site in 1970. While on his way to his work assignment, he was injured when a car in which he was a passenger hit a large pothole filled with construction debris in one of the site's access roads. This access road was under the control of defendants Riverbay Corp., the owner of Co-op City, and Community Services, Inc., the general contractor.

In this personal injury action, the pleadings and bill of particulars contained allegations amounting to a common-law negligence theory. There was no reference to (a) section 200 of the Labor Law, which sets forth the common-law duty to protect employee health and safety; nor to (b) subdivision 6 of section 241 of the Labor Law, which requires contractors and owners of construction sites and their respective agents to provide "reasonable and adequate protection and safety" to persons employed or lawfully frequenting areas where construction is being performed; nor to (c) appellant's status as a construction worker on the job. At trial, however, appellant argued that defendants had violated their statutory duty to provide a safe place to work. Defendants-respondents contended they did not have the requisite notice that appellant's theory of action was a violation of the Labor Law and thus, unfairly surprised and prejudiced, they could not properly defend their case. Their motion for a directed verdict and dismissal of the complaint was granted.

We find that respondents had sufficient information prior to trial, by virtue of the general content of the bill of

particulars and through various depositions and a hearing, to know that appellant was an employee of a subcontractor and had, in fact, collected benefits under workers' compensation and that they, respondents, could be held liable for a breach of their statutory duty. Accordingly, plaintiff's motion to amend the pleading to conform to the proof presented at trial should have been granted. The basic pleading requirement of CPLR 3013 is to give notice of the event out of which the grievance arises, and to cover the material elements of that claim. Appellant fulfilled this requirement. Laws relied upon have to be particularized only if demanded and allowed in the discretion of the trial court. (*Sacks v Town of Thompson,* 33 AD2d 627.) Furthermore, CPLR 3017 (subd [a]) allows the court to grant any type of relief appropriate to the proof, whether or not demanded, if no prejudice is shown. Respondent has not shown such prejudice.

Subdivision 6 of section 241 of the Labor Law, as in effect on the date of the accident, imposes a nondelegable duty upon owners and contractors irrespective of their control or supervision of the site. (*Allen v Cloutier Constr. Corp.,* 44 NY2d 290.) Therefore, neither actual nor constructive notice of the unsafe condition causing the accident is required.

Subdivision 1 of section 200 of the Labor Law is a codification of the common-law duties of an owner or general contractor. (See *Allen v Cloutier Constr. Corp., supra,* at p 299.) The section also imposes a requirement of either actual or constructive notice of the unsafe condition, which caused the accident as a prerequisite to imposition of liability. (*Monroe v City of New York,* 67 AD2d 89, 96.)

■ Here, appellant had presented sufficient evidence to enable him to submit to the jury the issue of whether respondents should be charged with constructive knowledge of the unsafe condition necessary under section 200, and whether respondents had breached their duty to provide reasonable and adequate protection under subdivision 6 of section 241. In remanding, we do so without prejudice to appellant to amend his pleadings to allege these statutory claims.

The judgment of the Supreme Court, Bronx County (SHAPIRO, J.) entered June 20, 1978 granting defendants-respondents' motion directing a verdict for defendants and dismissing the complaint, should be unanimously reversed on the law, and the matter remanded for a new trial, with costs to abide the event.

BIRNS, FEIN, SANDLER and SULLIVAN, JJ., concur.

Judgment, Supreme Court, Bronx County, entered on June 20, 1978, reversed, on the law, and vacated, and the matter remanded for a new trial, with $75 costs and disbursements of this appeal to abide the event.