■ WILSON KILLOUGH et al., Appellants, v REGENCY PARK APARTMENTS et al., Defendants, and UNIVERSAL-RUNDLE CORPORATION, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered December 27, 1978 in Albany County, which directed plaintiffs to serve a further verified bill of particulars. Plaintiff Clara Killough was injured on July 14, 1976 when she was using the grab bar in the uni-bath installed in her apartment to assist her in rising from a sitting to a standing positon. The grab bar came unattached, causing plaintiff to fall, resulting in injuries. Plaintiffs commenced this negligence action against numerous defendants, including the owners and managing operators of the apartment building, and, more particularly, defendant Universal-Rundle Corporation, which manufactured the uni-bath equipped with the grab bar. The cause of action against Universal-Rundle was for breach of warranty and negligence. Defendant Universal-Rundle served a demand for a verified bill of particulars, along with its answer, on August 25, 1978. Said defendant, on October 20, 1978, moved to preclude plaintiffs for their failure to comply with the demand for a bill of particulars. Plaintiffs served a purported verified bill of particulars on November 3, 1978. Universal-Rundle, on November 13, 1978, moved for a further bill of particulars, which Special Term granted on December 7, 1978. This appeal ensued. Plaintiffs contend that where particulars demanded depend upon completion of disclosure proceedings, they should have the opportunity of disclosure prior to serving a further bill of particulars. By the express provisions of the order appealed from, plaintiffs have been afforded this opportunity. The order appealed from provides, in pertinent part: "in the event that the plaintiffs or their representatives lack knowledge of any of the items demanded, it is ordered the plaintiffs shall so

state in their responses to any of the demands or *[sic]* particulars, and it is further ordered that in such event, and if the plaintiffs should acquire knowledge as to any of these matters during the course of Examinations Before Trial, the plaintiffs shall serve a Second Further Bill of Particulars within thirty (30) days from the completion of any of the Examinations Before Trial held with respect to the above-entitled action; and it is FURTHER ORDERED that the plaintiffs shall be precluded from offering the evidence at the trial of the above entitled action, any particulars demanded by plaintiffs' *[sic]* attorney and not furnished by the plaintiffs pursuant to the within Order." It is clear from the terms of the order that plaintiffs are entitled to further disclosure. Plaintiffs cannot be precluded without having had the opportunity to conduct examinations before trial. The provisions of the order conform to the standards set forth by this court in *Coughlin v Festin* (53 AD2d 800). Additionally, the provision in the *instant order* requiring plaintiffs, if they are unable to presently comply with the demands for particulars, to state in their responses that they lack knowledge of any of the items demanded, was a proper exercise of Special Term's discretion. The demand for the bill of particulars asks for detailed particulars as to negligence, manufacturing and design defects, statutory violations and breach of warranties alleged by plaintiffs. Plaintiffs responded in an unsatisfactory manner, failed to answer some of the demands, answered others in a generalized manner referable to all defendants and did not specify the defects claimed. Special Term properly granted the motion for a further bill of particulars and, since plaintiffs have shown no abuse of discretion, the order should be affirmed. (*Karlitz v Midtown Hosp.,* 50 AD2d 756.) Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.