FIRST DEPARTMENT, SEPTEMBER, 1981

(September 3, 1981)

■ GLEN JOHNSON, JR., Respondent, v NATIONAL RAILROAD PASSENGER CORPORATION, Also Known as AMTRAK, Defendant, and METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants. — Order, Supreme Court, New York County (H. Schwartz, J.), entered September 16, 1980, which granted leave to reargue but adhered to the original determination of July 1, 1980, which denied the motion of defendants-appellants Metropolitan Transportation Authority and Long Island Railroad Company to require supplementation of certain items of plaintiff-respondent's bill of particulars, unanimously modified, on the law and the facts, to require plaintiff to specify the statutes, rules and regulations defendants are alleged to have violated (Item No. 4), and otherwise affirmed, without costs. Order, Supreme Court, New York County (Greenfield, J.), entered January 27, 1981, which denied defendant's motion insofar as it sought to compel plaintiff to provide several authorizations to obtain medical, employment and school records of plaintiff, unanimously reversed, to the extent appealed from, on the law and the facts, to grant motion in its entirety, without costs. Plaintiff, 18 years of age, was severely injured when he came into contact with a live overhead electric "catenary" wire, running above a railroad car in Pennsylvania Station. This allegedly occurred when plaintiff attempted to climb over a parked train, apparently to avoid having to climb up and down stairs to cross to another platform. Plaintiff has alleged, *inter alia,* violation by defendants of statutes, rules and regulations, without specifying same. "In tort actions, where a statutory violation is being asserted, it is incumbent upon the suing party to identify the particular statute, law, ordinance, rule or regulation claimed to have been violated" *(Flynn v Mario & Di Bono Plastering Co.,* 52 AD2d 809). The authorizations sought by defendants for medical, employment and school records are for information which is material and necessary to the defense of this action (CPLR 3101). The words "material and necessary" are to be interpreted liberally to require disclosure of any facts which will assist the good faith preparation for trial *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). Concur — Sullivan, J.P., Carro, Silverman and Bloom, JJ.