■ HENRY MILLER, as Stockholder in CENTRAL TOBACCO COMPANY, INC., on Behalf of Himself and CENTRAL TOBACCO COMPANY, INC., Respondent, v ARNOLD KASTNER et al., Appellants. (Appeal No. 1.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In this shareholders' derivative action defendants interpose two counterclaims. In the first, they allege that plaintiff failed to transfer corporate books and records when the headquarters of Central Tobacco Company, Inc., was moved from Rochester to Plattsburg in 1977. In the second, they allege a breach of fiduciary duty and fraudulent conduct by the plaintiff, who owned a 49% interest in the company. In August, 1981 plaintiff

served defendants with a demand for a bill of particulars requesting amplification of defendants' counterclaims and a notice of discovery and inspection requesting review of defendants' business records. By consent of the parties, plaintiff was granted a 30-day conditional order of preclusion with respect to the demand for a bill of particulars. Defendants served their bill of particulars and plaintiff moved for an order of preclusion based on the alleged inadequacy of the responses to demands Nos. 18, 19 and 20. These particular demands requested more specific information about defendants' second counterclaim. Defendants responded completely to demand No. 18, and partially to demands Nos. 19 and 20. They further stated that they could not be specific as to the dates, times and places of each alleged breach of fiduciary duty "without first seeing the books and records of the corporation [Central Tobacco Company, Inc.] in plaintiff's possession." Special Term granted plaintiff's motion for a preclusion order and permitted defendants to inspect the business records of Central Tobacco Company, Inc., only for the fiscal year October 1, 1973 to September 30, 1974. Under the circumstances here presented we conclude that Special Term abused its discretion in granting plaintiff the order of preclusion. In our view, plaintiff's motion to preclude was premature. Discovery is at an early stage in this action. No depositions have been taken and few documents have been produced. Preclusion is the ultimate sanction and should not have been considered until defendants have had the opportunity to conduct examinations before trial (*Killough v Regency Park Apts.*, 73 AD2d 734, 735; *Coughlin v Festin*, 53 AD2d 800, 801). Special Term erred in allowing defendants to inspect only those items for the fiscal year October 1, 1973 to September 30, 1974. Defendants have established that discovery of documents since 1966, the date of incorporation of Central Tobacco Company, Inc., is material and necessary to the preparation of their case. Plaintiff has failed to establish any prejudice. We reject plaintiff's unsubstantiated allegations that such discovery would be burdensome. Our review of the record uncovers no basis for Special Term's arbitrary cutoff of October 1, 1973 as the date on which documents became material to the defense of this action. Therefore, we modify the order as follows: (1) modifying the fourth ordering paragraph to require discovery and inspection with respect to items from the date of incorporation of Central Tobacco Company, Inc., in 1966 to September 30, 1974; (2) deleting the first and second ordering paragraphs and substituting therefor a paragraph directing that the defendant file supplemental bills of particulars fully and specifically answering the questions within 45 days after completion of the discovery and inspection provided for herein; and (3) providing that plaintiff, if so minded, may move again for preclusion after receipt of said supplemental bill of particulars. (Appeal from order of Supreme Court, Monroe County, Boehm, J. — discovery.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.