OPINION OF THE COURT
Nicholas A. Clemente, J.
On April 30,1981, plaintiff, a truckman, while making a delivery to defendant’s store, fell and was injured. This action was thereafter commenced by summons and verified complaint. The complaint alleges that the accident aforesaid was caused solely because of the negligence of the defendant herein, its agents, manager and employees.
In elaborating on that negligence the plaintiff, inter alia, claimed that the defendant failed to warn the plaintiff of the existence of a dangerous and hazardous condition at the side entrance of the store which he had been compelled to use and failed to allow the plaintiff to use an available alternative entrance which would have been safe under the circumstances.
Subsequently, defendant served a demand for a bill of particulars, item 6 of which demands “specific statutes, ordinances, rules and regulations it is claimed the defendant(s) violated”.
To this demand the plaintiff responded by stating, “to be determined at time of trial”.[1] Defendant thereupon moved *709 by notice of motion for an order compelling plaintiff to serve a further bill of particulars in order to properly respond to item 6.* [2]
Plaintiff in opposing the motion contends that he has not pleaded any statutory violations and, therefore, item 6 is improper in that it seeks evidence and interpretation of statutes (without benefit of discovery) rather than amplification of pleadings.
It is not disputed that the purpose of a bill of particulars is to amplify the pleading, limit the proof and prevent surprise at the trial (State of New York v Horsemen’s Benevolent & Protective Assn., 34 AD2d 769, 770). Thus where the complaint affirmatively alleges the violation of particular laws then the plaintiff must amplify the pleadings by specifying the statutes or ordinances claimed to have been violated (Brady v Benedictine Hosp., 74 AD2d 937; Miller v Perillo, 71 AD2d 389; Calabrese v Caldwell Dev. Corp., 63 AD2d 834; Whirl Knits v Adler Business Machs., 54 AD2d 760; Coughlin v Festin, 53 AD2d 800; Flynn v Mario & Di Bono Plastering Co., 52 AD2d 809; Brugman v County of Nassau, 41 AD2d 653; Vagelos v Robinson, 37 AD2d 544; but see Souveran Fabrics Corp. v Virginia Fibre Corp., 32 AD2d 753).
The difficulty arises when the complaint infers a violation of statutory duties.
In Sacks v Town of Thompson (33 AD2d 627), plaintiff sought to recover for personal injuries suffered as a result of his automobile striking a dead-end barrier in the Town of Thompson in Sullivan County. Defendants’ demand for a bill of particulars sought a specification of the statutes, local laws, ordinances, rules and regulations claimed to have been violated by defendants. After finding that the complaint did not allege any statutory violation but rather that it inferred a “violation of duties imposed on” defendants Town of Thompson and County of Sullivan, the court *710 indicated (at p 628): “While the court must take judicial notice of the laws of a State, the detailing of the statutes relied on by the plaintiff to prove the case, particularly in a negligence action, apprises the defendant of the evidence required to be presented to come within the statute, and affords him an opportunity to prepare his defense. In this respect it would be helpful to require the pleader to specify the particular statutes, ordinances, rules or regulations which he claims have been violated and comes within the discretion of the trial court.”
Thus it would appear that if the complaint alleges only a potential violation of statutory or regulatory duties in a tort action a demand seeking specification of same would almost always require a response.
The foregoing would seem to resolve the instant motion in favor of defendant except for Sobel v Midchester Jewish Center (52 AD2d 944) and Coughlin v Festin (supra). In Sobel, the court stated: “Although a plaintiff is required to specify the statutes, ordinances and laws claimed to have been violated, plaintiff made no such claim in her complaint. She was therefore not required to respond to Item No. 16. If such violations are disclosed after pretrial discovery, plaintiff has agreed that she will voluntarily furnish such additional information.” Consequently, Sobel, as well as Coughlin, adopts a more restrictive approach than Sacks (supra) as to the need for a suing party to respond to a demand for statutes and regulations violated and thus swings the pendulum back toward the plaintiff.
Moreover, any discrepancies between Sacks (supra), Coughlin (supra), and Sobel (supra) cannot be described as a difference of opinions between the departments since Sacks and Coughlin are Third Department cases while Sobel is a Second Department case as is Brugman v County of Nassau (supra [which adopted Sacks]).
These discrepancies may, however, be reconciled when it is realized that the decisions are not disparate since they really address the question of whether the respective Special Terms abused their discretion (although reaching different conclusions in substantially similar situations).
Examination of Coughlin (supra) shows that the plaintiff offered to furnish a specific statement of statutory viola *711 tions upon completion of pretrial examination.[3] 4In regard to Sobel (supra), the plaintiff contended that she could not ascertain until discovery was completed whether there was a statutory violation. This also was coupled with her offer to supply a supplemental bill of particulars setting forth pertinent statutory violations subsequent to discovery.
The proposals by the plaintiffs in Coughlin (supra), and Sobel (supra), are, in my view, determinative in deciding whether Sacks (supra) or Sobel applies here.
Just as a party should not be permitted to avoid setting forth statutes otherwise required to be stated merely by being vague and ambiguous in a complaint, so too, should a party be allowed to defer that particular pending completion of disclosure when it is understood that he is otherwise precluded unless he thereafter files an amended bill. I, therefore, conclude that plaintiff need not respond at this time to item 6 of defendant’s demand for a bill of particulars.
Thus the plaintiff need not take a premature position in ferreting out statutes or local laws, rules and regulations while the defendant is protected from surprise at trial and is aided in knowing the contentions it must meet at trial (cf. Calabrese v Caldwell Dev. Corp., supra)[4]
Accordingly, the motion is denied to the extent indicated.

. A more usual stock response is: “That the defendant violated those statutes, ordinances, rules and regulations in such cases made and provided of which this Court *709 will take judicial notice at the time of the trial of this action.” The genesis for these types of response is CPLR 4511 dealing with judicial notice of law.

. Defendant also moves for a protective order as against a notice to admit served upon it on September 6,1983. This aspect of the motion is denied. Lengthy discussion is unnecessary as defendant has not shown why it cannot respond to the notice to admit in conformance with the requirements of CPLR 3123. Defendant is, however, granted 20 days after service upon it of a copy of an order to be settled hereon to respond thereto.

. Interestingly, the court in Coughlin v Festin (53 AD2d 800,801) stated that in the Third Department, “ ‘[I]t is not necessary that a bill of particulars be furnished in response to an outstanding demand before the examination before trial is held’

. While CPLR 4511 provides for the taking of judicial notice of statutes and regulations nevertheless when a plaintiff is required to set forth those statutes or regulations allegedly violated, it serves the additional useful purpose of giving the court early notice of those laws for which judicial notice should be taken.