■ VICKI ROCKEFELLER, Appellant, v CHUL HWANG, Respondent. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered November 18, 1983 in Albany County, which partially denied plaintiff's motion to vacate and/or modify certain demands in defendant's demand for a bill of particulars.

Plaintiff seeks recovery of damages for alleged personal injuries sustained by her because of the claimed malpractice of defendant, an obstetrician-gynecologist, in performing an abortion procedure on plaintiff on February 17, 1981. Several acts of the alleged malpractice are set forth in the complaint. Defendant served an answer along with a demand for a bill of particulars. Plaintiff thereafter moved at Special Term for an order vacating and/or modifying the demand on the grounds that items Nos. 5 through 14 and 32 through 35 are improper and should be stricken. Special Term denied the motion as to each item specified except item No. 32, and as to that item the motion to vacate was granted. This appeal by plaintiff ensued.

Plaintiff argues that the contested demands seek evidentiary material and that Special Term thus improperly denied plaintiff the relief requested. We agree. The order of Special Term should therefore be modified by reversing that portion which denied vacatur of items Nos. 5 through 14 and 33 through 35 of the demand for a bill of particulars.

It is well settled that items of a demand for a bill of particulars which, as here, call for evidentiary material and expert medical opinion testimony are not proper demands (*McKenzie v St. Elizabeth Hosp.,* 81 AD2d 1003). A bill of particulars in a medical malpractice action, as in any action for personal injuries, requires only a "[g]eneral statement of the acts or omissions constituting the negligence claimed" (CPLR 3043, subd [a], par [3]; *Coughlin v Festin,* 53 AD2d 800; *Horowitz v Saydjari,* 49 AD2d 760; *Cirelli v Victory Mem. Hosp.,* 45 AD2d 856; *Palazzo v Abbate,* 45 AD2d 760). This court has stated: " 'We apprehend no beneficial reason to put the plaintiff in a malpractice action (who most often is less likely than the defendant to have knowledge of proper "surgical procedures", "medicines" and "tests") to a greater burden than plaintiffs in other types of personal injury actions. As has often been stated, the purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial, but not to provide evidentiary material' " (*Coughlin v Festin, supra,* p 801, quoting *Cirelli v Victory Mem. Hosp., supra,* p 857). The demands discussed herein seek evidentiary material and information, beyond the scope of a bill of particulars. Special Term erred in refusing to strike all of the specified demands.

Order modified, on the law, with costs, by reversing so much thereof as denied plaintiff's motion to vacate items Nos. 5 through 14 and 33 through 35 of the demand for a bill of particulars, motion granted in its entirety, and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.