■ DONNA J. CAUDY et al., Appellants, v MATTHEW G. RIVKIN, Respondent. — In an action to recover malpractice, plaintiffs appeal, (1) as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Orange County (Burchell, J.), dated March 13, 1984, as granted certain branches of defendant's motion for an order directing the service of a further bill of particulars, or, in the alternative, for preclusion, and (2) from a further order of said court, dated June 26, 1984, which denied plaintiffs' motion for a stay of the aforesaid order pending appeal, granted defendant's cross motion requiring plaintiffs to perfect their appeal within 30 days, and *sua sponte* amended its order dated March 13, 1984 with respect to plaintiffs' response to item No. 2 of defendant's demand for a bill of particulars. By order dated July 11, 1984, this court granted a stay pending appeal of the order dated March 13, 1984.

Appeal from so much of the order dated March 13, 1984 as dealt with item No. 2 dismissed, without costs or disbursements. That portion of that order was superseded by the order dated June 26, 1984. Order dated March 13, 1984 otherwise modified, by denying those branches of defendant's motion which sought an order directing the service of a further bill of particulars, or, in the alternative, for preclusion with respect to items Nos. 7, 8, 9 and 13 (f). As so modified, order affirmed, insofar as reviewed, without costs or disbursements.

So much of the order dated June 26, 1984 as dealt with item No. 2 affirmed, without costs or disbursements. Appeal from order dated June 26, 1984 otherwise dismissed as academic, without costs or disbursements, in light of our determination with respect to the order dated March 13, 1984 and this court's order dated July 11, 1984.

Plaintiffs' time to supply a further bill of particulars is extended until 30 days after service upon them of a copy of the order to be made hereon, with notice of entry.

At the outset, it should be noted that plaintiffs made no motion to vacate or modify the demand for a bill of particulars. Thus we are not concerned upon this appeal with the propriety of the demands, but with the sufficiency of the responses (*see, Panarelli v State Farm Fire & Cas. Co.*, 54 AD2d 961; *Goldstein v Brogan Cadillac Oldsmobile Corp.*, 46 AD2d 799).

The response with respect to item No. 2 of defendant's demand for a bill of particulars, which sought particularization of his alleged acts of negligence, though unnecessarily verbose and repetitious, apprises defendant of certain claimed negligent acts of commission or omission. However, we agree with Special Term that said response fails to set forth the condition or conditions that it is claimed defendant failed to diagnose and improperly treated or failed to treat. We note that plaintiffs have consented to serve a further bill of particulars with respect to item No. 4.

We find that the responses to items Nos. 8, 9 and 13 (f) are sufficient and shall be allowed to stand. The amplification which Special Term directed plaintiffs to furnish with respect to item No. 13 (f) would be more appropriately accomplished at an examination before trial.

Item No. 7 of the demand, which called for specification of the regulations, laws and ordinances claimed to have been violated, is irrelevant in view of the fact that no such claim is made in the complaint (*Sobel v Midchester Jewish Center*, 52 AD2d 944). However, if, after discovery has been completed, plaintiffs ascertain that there have been such violations, they shall promptly serve a further bill of particulars with respect thereto so as to advise defendant of the contentions he must meet and avoid surprise at trial (*Langella v D'Agostino Supermarket*, 122 Misc 2d 708).

To the extent indicated, plaintiffs' response to the defendant's demands was insufficient. Titone, J. P., O'Connor, Lawrence and Eiber, JJ., concur.