■ PETER LIGA et al., Respondents, v LONG ISLAND RAIL ROAD et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants Long Island Rail Road and Metropolitan Transportation Authority appeal (1) from an order of the Supreme Court, Queens County (Leahy, J.), dated February 4, 1986, which denied their motion to preclude the plaintiffs from giving evidence at the trial as to items for which particulars were not adequately furnished or, in the alternative, to require the plaintiffs to serve a further bill, and (2) as limited by their brief, from so much of an order of the same court, dated April 4, 1986, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 4, 1986 is dismissed, as that order was superseded by the order dated April 4, 1986, made upon reargument; and it is further,

Ordered that the order dated April 4, 1986 is affirmed insofar as appealed from, and it is further,

Ordered that the respondents are awarded one bill of costs.

In this personal injury action, the bill of particulars furnished by the plaintiffs contained an adequate description of the location of the accident, the acts or omissions of the defendants constituting negligence and the manner in which the defendants obtained notice of the dangerous condition *(see,* CPLR 3043 [a] [2]-[5]). Thus, the court's refusal to preclude the plaintiffs from giving evidence at the trial as to those matters or, alternatively, to require the plaintiffs to serve a further bill *(see,* CPLR 3042 [d]), did not constitute an improvident exercise of discretion *(see,* CPLR 3043 [c]). We note that because the complaint alleged that the defendants' conduct was in violation of applicable statutes, ordinances, rules and regulations, the defendants were entitled to particulars from the plaintiffs regarding the specific statutes, etc., claimed to have been violated *(see, Sobel v Midchester Jewish Center*, 52 AD2d 944; *Sacks v Town of Thompson*, 33 AD2d 627; *Langella v D'Agostino Supermarket*, 122 Misc 2d 708). Although the plaintiffs did not furnish such particulars, they have voluntarily agreed to do so upon the completion of pretrial disclosure *(see, Sobel v Midchester Jewish Center, supra; see also, Caudy v Rivkin*, 109 AD2d 725). Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.