■ GEORGE LOHMANN, Individually and as Administrator of the Estate of DOROTHY HOFFMAN, Deceased, Respondent, v TRANS WORLD AIRLINES, INC., Appellant. [613 NYS2d 652] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Huttner, J.), entered September 22, 1992, which denied its motion to dismiss the complaint unless the plaintiff complied with a notice for discovery and inspection.

Ordered that the order is reversed, on the law, with costs, and the motion is granted to the extent that the plaintiff is ordered to comply with the defendant's notice of discovery and

inspection to the extent of supplying the plaintiff's employment records and surgery schedules for 1987, 1988, and 1989, after redacting therefrom the names of the plaintiff's surgical patients.

The complaint alleged that on July 1, 1988, the plaintiff George Lohmann, M.D., was injured when he tried to aid the plaintiff Dorothy Hoffman, who fell out of her wheelchair due to the negligence of one of the defendant's employees. Although Dr. Lohmann expressly refrained from seeking damages for loss of earnings, his bill of particulars also stated that "he finds it more difficult to conduct the normal daily activities associated with his employment as a result of the injuries he sustained in this occurrence". The defendant served a notice for discovery and inspection, dated December 18, 1991, requesting authorization to obtain "the employment records, including surgery schedules of Dr. George Lohmann from Brookdale Hospital for the years 1987, 1988, and 1989". By letter dated December 31, 1991, the plaintiff refused to comply, on the ground of physician-patient privilege, but the plaintiff never moved for a protective order. The defendant subsequently moved to dismiss the complaint unless the plaintiff complied with the notice for discovery and inspection. The court denied the motion. We reverse.

Since the plaintiff's bill of particulars claims employment-related disability, evidence related to the degree of disability is material and necessary to the defense of the action *(see, CPLR 3101; Johnson v National R. R. Passenger Corp.,* 83 AD2d 916). Moreover, the information sought is not privileged. A physician is free to testify as to the fact that he has treated a patient and the occasions of his treatment *(see, Henry v Lewis,* 102 AD2d 430, 432; *Hughson v St. Francis Hosp.,* 93 AD2d 491). In any event, since the information sought was not palpably improper, the plaintiff's failure to timely challenge the discovery request foreclosed inquiry into the propriety of the information sought *(see, Park Knoll Assocs. v Schmidt,* 99 AD2d 772). The plaintiff is directed to redact the names of all patients from his response to the discovery request. Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.