■ KATHLEEN A. LIDDELL et al., Appellants, v IAN C. CREE, Respondent, et al., Defendants. [649 NYS2d 101] —Carpinello, J. Appeal from an order of the Supreme Court (Dier, J.), entered February 2, 1996 in Warren County, which directed plaintiffs to serve a further response to defendant Ian C. Cree's demand for a bill of particulars.

Plaintiff Kathleen A. Liddell (hereinafter Liddell) and her husband commenced this medical malpractice action alleging, *inter alia*, that defendant Ian C. Cree (hereinafter defendant) committed malpractice while performing gallbladder surgery on Liddell. Among the causes of action alleged by plaintiffs in their complaint was a claim for lack of informed consent.

After joinder of issue, defendant served a demand for a bill of particulars requesting in item No. 9, with respect to plaintiffs' claim for lack of informed consent, that plaintiffs "state as to each procedure and/or treatment claimed to have been performed without the informed consent of plaintiffs: (a) [t]he specific procedure and/or treatment; (b) [t]he information plaintiffs claim this answering defendant should have provided and failed to provide, (c) [t]he alternative plaintiffs would have selected had the information in 'b' be [*sic*] provided to them". While plaintiffs opposed this demand, Supreme Court ruled that it was appropriate and ordered plaintiffs to respond to it. This appeal by plaintiffs ensued.

"It is well settled that the purpose of a bill of particulars is

to amplify the pleadings, limit the proof and prevent surprise at trial" (*Nuss v Pettibone Mercury Corp.*, 112 AD2d 744). It is not to be used to obtain information which is evidentiary in nature and must be gleaned from expert testimony (*see, Heyward v Ellenville Community Hosp.*, 215 AD2d 967, 968). In our view, much of the information requested in the challenged demand is evidentiary in nature and more appropriately the subject of discovery. Although subdivision (a) of the demand merely requests plaintiffs to identify the procedure and/or treatment performed without their informed consent, subdivisions (b) and (c) require plaintiffs to state the content of the warnings that should have been disclosed as well as the alternative medical procedure they would have chosen had they been given such warnings. This latter information is highly technical in nature and may only be revealed through expert testimony (*see, e.g., Rockefeller v Hwang*, 106 AD2d 817, 818). In view of this, we find that Supreme Court properly directed plaintiffs to answer item No. 9 (a) of defendant's demand, but abused its discretion in requiring them to answer item No. 9 (b) and (c).

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed plaintiffs to serve a further response to item No. 9 (b) and (c) of defendant Ian C. Cree's demand for a bill of particulars, and, as so modified, affirmed.