■ JOSE L. M. ALVARADO et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. (And a Third-Party Action.) [756 NYS2d 6] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered November 15, 2001, insofar as it denied defendant New York City Housing Authority's cross motion to compel plaintiffs to provide a supplemental bill of particulars setting forth the particular statutes, rules, laws, codes, ordinances and regulations alleged to have been violated, unanimously reversed, on the law, without costs or disbursements, the cross motion granted and plaintiffs directed to provide such supplemental bill of particulars within 20 days of service of a copy of this order with notice of entry, with leave to plaintiffs to amend their bill of particulars further at the conclusion of discovery in the third-party action to set forth additional violations provided said amendment does not change the theory of liability.

In this action for personal injuries sustained as a result of a fire that occurred in their apartment allegedly caused by the Housing Authority's (HA) failure to maintain the electrical outlets and/or service in the apartment in proper and safe condition, plaintiffs, in their notice of claim, allege negligence in the HA's violation of "the provisions of the New York City Administrative Code, including but not limited to subchapter 17 and the City of New York Electrical Code including but not limited to § B30-156.1." The subsequently served complaint alleged that the HA "violated the laws and/or ordinances of the State and City of New York." In response to the HA's demand for a bill of particulars seeking identification, by chapter, article, section and paragraph of each statute, ordinance, rule or regulation, if any, claimed to have been violated, plaintiffs responded, consistent with the notice of claim, that the HA violated "the provisions of the New York City Administrative Code, including but not limited to subchapter 17, and the City of New York Electrical Code including but not limited to

§ B30-156.1." In yet another response in their bill of particulars, plaintiffs asserted that the HA created the dangerous condition by removing the only other functioning outlet in the bedroom in violation of an unspecified section of the Administrative Code.

Plaintiffs subsequently moved to strike the HA's answer for its failure to comply with a preliminary conference order with regard to discovery demands. The HA cross-moved for, among other things, an order compelling plaintiffs to serve a further bill of particulars identifying the particular statutes, rules, laws, codes, ordinances and regulations it allegedly violated. The motion court granted plaintiffs' motion to the extent of conditionally striking HA's answer unless the HA complied with plaintiffs' discovery demands within a time specified. The court, without any explanation, denied defendant's motion. We reverse.

A response to a demand that is vague, nonspecific and open-ended fails to satisfy the purpose of a bill of particulars (*see e.g. Miccarelli v Fleiss*, 219 AD2d 469, 470). It is well settled that in a tort action, where the complaint alleges a statutory violation, the pleader is required to specify each statute, law, rule and regulation claimed to have been violated (*see Johnson v National R.R. Passenger Corp.*, 83 AD2d 916; *Flynn v Mario & Di Bono Plastering Co.*, 52 AD2d 809). The vague, ambiguous, nonspecific and open-ended assertions contained in plaintiffs' bill of particulars, qualified by the language "including but not limited to," fail to satisfy the purpose of a bill of particulars, and reversal is mandated as a matter of law. Our reversal, which provides for an immediate supplement, without reservation, to the bill of particulars of any additional statutes, rules, laws, codes, ordinances and regulations allows for leave to supplement, if plaintiffs be so advised, at the completion of third-party discovery provided such amendment does not change the theory of liability already advanced. In the event plaintiffs are unable to supplement the bill of particulars, as directed, the reservation, "including but not limited to," is stricken. Concur—Mazzarelli, J.P., Saxe, Sullivan, Williams and Gonzalez, JJ.