■ FLORENCE CASTELLANO, Respondent, v NORWEGIAN CHRISTIAN HOME AND HEALTH CENTER, INC., et al., Appellants. [808 NYS2d 289]—

In an action, inter alia, to recover damages for negligence and wrongful death, the defendants appeal from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated January 3, 2005, as denied that branch of their cross motion which was to strike the plaintiff's responses to items No. 9, 13, and 17 in the defendants' demand for a bill of particulars.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof denying that branch of the cross motion which was to strike the plaintiff's response to item no. 9 in the defendants' demand for a bill of particulars, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants, and the plaintiff is directed to serve a supplemental bill of particulars with respect to item no. 9 within 30 days after service upon her of a copy of this decision and order.

In response to item no. 9 of the defendants' demand for a bill of particulars, which sought particularization of their alleged negligent acts or omissions, the plaintiff provided a five-page response which was overly broad and factually vague. This unnecessarily broad response failed to particularize and amplify the pleadings, and will not limit the proof or prevent surprise at trial (*see Liga v Long Is. R.R.*, 129 AD2d 566 [1987]; *cf. Batson v La Guardia Hosp.*, 194 AD2d 705 [1993]; *Gannotta v Long Is. Coll. Hosp.*, 92 AD2d 930 [1983]).

However, the responses to items no. 13 and 17 of the defendants' demand were proper since they enumerated the specific statutes, codes, rules, and regulations alleged in the complaint to have been violated by the defendants (*see Alvarado v New York City Hous. Auth.*, 302 AD2d 264 [2003]; *Liga v Long Is. R.R., supra; Bouton v County of Suffolk*, 125 AD2d 620 [1986]; *Caudy v Rivkin*, 109 AD2d 725 [1985]). Cozier, J.P., Luciano, Fisher and Covello, JJ., concur.