Carroll v New York City Health & Hosps. Corp. (2019 NY Slip Op 08524)





Carroll v New York City Health & Hosps. Corp.


2019 NY Slip Op 08524


Decided on November 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 26, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


10301 805016/14

[*1] Linda Carroll, etc., Plaintiff-Respondent,
v
New York City Health and Hospitals Corporation, et al., Defendants, Stephen A. Mezzafonte, M.D., Defendant-Appellant. 
[And a Third Party Action]


Gabriele & Marano, LLP, Garden City (Melissa Goldberg of counsel), for appellant.
Phillips & Paolicelli LLP, New York (Yitzchak M. Fogel of counsel), for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered March 21, 2019, which, to the extent appealed from as limited by the briefs, denied defendant Steven A. Mezzafonte, M.D.'s (defendant) motion for summary judgment dismissing claims of negligence alleged to have occurred prior to December 26, 2012 or after January 21, 2013, unanimously reversed, on the law, without costs, the motion granted, and the language "prior or subsequent thereto" stricken from plaintiff's bill of particulars.
The complaint alleges that defendant Dr. Stephen Mezzafonte committed malpractice between January 15-21, 2013 "and prior and subsequent thereto." The bill of particulars alleges that he failed to properly interpret decedent's echocardiogram (EC) on January 18, 2013, which showed a more dilated aorta than a prior EC taken on August 8, 2011 and interpreted by defendant on August 16, 2011. Both the original and purported supplemental bills of particulars allege that defendant's negligent acts "took place from on or about December 26, 2012 through January 21, 2013, and prior or subsequent thereto."
In opposing defendant's motion for summary judgment, plaintiff submitted an expert opinion which opined that defendant also negligently interpreted the EC taken in 2011.
Contrary to Supreme Court's conclusion, the complaint and bill of particulars were only sufficient to put defendant on notice of an allegation that, in January 2013, he failed to properly compare the 2013 EC with the 2011 EC contained in decedent's medical record, and determine that a dilation in decedent's aorta had increased. Plaintiffs' papers were insufficient to put defendant on notice of plaintiffs' new theory of liability - raised for the first time in her expert's opinion - that he deviated from the standard of care in August 2011, when interpreting the 2011 EC (see Alvarado v New York City Hous. Auth. , 302 AD2d 264, 265 [1st Dept 2003]). Here, where negligence is specifically alleged to have occurred only between December 2012 and January 2013, we conclude that the vague, ambiguous, nonspecific and open-ended assertion "prior or subsequent thereto" contained in plaintiffs' bill of particulars failed to put defendant on notice of a claim that he acted negligently in August 2011.
Accordingly, Supreme Court should not have considered plaintiffs' expert opinion as to defendant's actions in August 2011 and should not have found that plaintiffs properly alleged malpractice which occurred in August 2011, and should have dismissed claims of negligence alleged to have occurred prior to December 26, 2012 or after January 21, 2013 and should have stricken the language "prior or subsequent thereto" contained in plaintiffs' bill of particulars.
We have considered the remaining arguments, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 26, 2019
DEPUTY CLERK