■ LILLIE JACOBS, Appellant, v. LEON JACOBS, Respondent.— In an action for a separation, the plaintiff wife appeals from an order of the Supreme Court, Kings County, dated November 20, 1963, which denied her motion to vacate defendant's demand for a bill of particulars. Order reversed, with $10 costs and disbursements; motion granted; and defendant's demand for a bill of particulars vacated. In paragraph Sixth of plaintiff's complaint there are 11 subparagraphs, some alleging a course of conduct, and some alleging specific acts, the totality of which avers cruel and inhuman treatment by the defendant. Defendant served a demand for a bill of particulars consisting of 31 items. Plaintiff's motion to vacate the demand was a few days late. Discretion resides in the court to vacate the demand where plaintiff did not move to modify or vacate the demand within five days after its receipt, as provided by subdivision (a) of rule 3042 of the Civil Practice Law and Rules (*Universal Metal Prods. Co.*, v. *De-Mornay Budd*, 275 App. Div. 575; *Ferri* v. *Greater New York Brewery*, 266 App. Div. 1005). Since the complaint complies with the requirements of subdivision (c) of rule 3016 of the Civil Practice Law and Rules those portions thereof relating to a general course of conduct on the part of the defendant require no bill of particulars (*Earle* v. *Earle*, 79 App. Div. 631). The other portions of the complaint alleging specific acts, whereof particulars are demanded, are sufficiently informative and require no further itemization (see *Kurcz* v. *Kurcz*, 13 A D 2d 954). Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.