■ Ruth W. Jemzura, Respondent, v. George J. Jemzura, Appellant.— Aulisi, J. Appeal by defendant from so much and such part of a judgment of the Supreme Court at Special Term, entered November 10, 1966, in Chenango County (1) as granted the plaintiff a separation; (2) dismissed the defendant's defense; and (3) granted plaintiff's counsel fees and disbursements of $1,947.10. Cross appeal by plaintiff from that part of same judgment which awarded possession of the family home to the husband. The husband argues that the evidence failed to establish cruel and inhuman treatment of the plaintiff by him. The defendant assaulted his wife three times; caused her to be arrested on an unsubstantiated charge; called her names; used abusive and filthy words and made degrading and humiliating statements about her in the presence of their children and others; told the children that their mother was poisoning them with faucet water; that she did not want them; and he was going to have to put her away. Under section 200 of the Domestic Relations Law, as it existed at the time of the commencement of this action, defendant's conduct constituted cruel aand inhuman treatment (see Diemer v. Diemer, 8 N Y 2d 206). Pursuant to CPLR 3025 (subd. [c]) plaintiff at the close of her case moved to amend the complaint to conform to the proof. The motion was granted. Defendant then moved to dismiss the complaint on the ground that it did not comply with CPLR 3016 (subd. [c]) in that it failed to set out the nature and circumstances of defendant's misconduct and the time and place of each act complained of. In the absence of any showing of prejudice or surprise to him, we find no merit in defendant's contention. He could have moved prior to the trial and such a motion may have been granted (Pustilnik v. Pustilnik, 24 A D 2d 868), but failing to make such motion, defendant can not, in our opinion, be permitted to object to the court allowing the amendment of the complaint and continuing with the trial for disposition on the merits. We find no abuse of discretion with the amount of counsel fees allowed by the court. The case has been in litigation nearly four years and on the record presented, the allowance was proper. Similarly, the court's finding that to require the defendant to surrender possession of the house would substantially interfere with his business, is supported by the evidence and should not be disturbed (Domestic Relations Law, § 234). Finally, the judgment recites that the separation is based on the ground of the husband's neglect to provide for the wife and children. Actually, the complaint, the testimony at the trial, the opinion of the court and the arguments of counsel on this appeal all dealt with the case as one involving cruel and inhuman treatment and the judgment must be modified accordingly. Judgment modified, on the law and the facts, by deleting from the first decretal paragraph the words "because of the neglect and refusal of the defendant to provide for the plaintiff and the issue of the marriage" and by adding "because of the cruel and inhuman treatment of the plaintiff by the defendant" and as so modified, affirmed, with costs to respondent. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Aulisi, J.