■ LYDIA VAGELOS et al., Infants, by JOHN VAGELOS, Father and Natural Guardian, et al., Respondents, v. B. H. ROBINSON, JR., Defendant, and EDWARD J. BOLTON et al., Appellants.— Order, Supreme Court, New York County, entered

on August 5, 1970, unanimously modified, on the law and in the exercise of discretion, to the extent of requiring plaintiffs to serve a further bill of particulars eliminating the omnibus negligence clause contained in item 4, to direct that particulars of all claimed sequelae resulting from the alleged injuries sustained in the accident be furnished to defendants at least 60 days prior to trial, and to direct that plaintiffs specify the rules, regulations, statutes and ordinances of New Jersey, if any, upon which it intends to rely. As so modified the order is affirmed, without costs and without disbursements. While it is not necessary to plead foreign law and the court, pursuant to CPLR 4511 (subd. [a]), will take judicial notice of the public statutes, etc., of New Jersey, it has been determined in tort actions that traffic rules, regulations and ordinances allegedly violated are matters subject to a bill of particulars (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3041.13 and cases cited; 6 Carmody-Wait 2d, New York Practice, § 36:39, p. 230; cf. *Pfleuger* v. *Pfleuger*, 304 N. Y. 148). While the substance need not be set forth, the identity of the rules, regulations, etc., involved should be indicated as an aid to the court and the litigant to avoid mistake as well as determine the applicability thereof. Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and Tilzer, JJ.