■ WHIRL KNITS, INC., Appellant, v ADLER BUSINESS MACHINES, INC., et al., Respondents, et al., Defendants.—In an action to recover for damages to property, and for business losses, as the result of a fire, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated September 29, 1975, as, upon reargument, granted respondents' motion, *inter alia,* to preclude plaintiff from offering evidence at the trial in support of the items set forth in respondents' demand for a bill of particulars. Order modified (1) by adding thereto, immediately after the provision granting the motion to preclude "on the merits", the following: "except as to demands 1, 2, 3, 8 and 9, which demands are vacated, and as to demands 4, 5 and 12–19, inclusive, which demands were complied with", and (2) by adding thereto a further provision that the motion is granted only as to demands 6, 7, 10 and 11, unless the particulars for such items are furnished. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiff's time to serve its supplemental bill of particulars is extended until 15 days after entry of the order to be made hereon. With respect to items of the demand numbered 1, 2, 3, 8 and 9, we are of the opinion that the complaint sets forth sufficient facts with respect to where in respondents' building the fire started, the approximate time and place of the occurrence and the negligent acts complained of. Where a complaint sets forth facts sufficiently informative, no further itemization is necessary in a bill of particulars *(Jacobs v Jacobs,* 20 AD2d 812; 6 Carmody-Wait 2d, § 36.19). However, we strongly disapprove of plaintiff's answering such demands by merely referring to portions of the complaint and to other parts of the bill of particulars itself. Each item of a demand should be answered separately and categorically under its own number without reference either to the complaint or to other portions of the bill of particulars (cf. *Desimone v Robertson,* 19 Misc 2d 80, 82–83). We believe that plaintiff should supply the information sought with respect to the nature, type and location of the fire extinguishing equipment available at the site of the fire (Item No. 6). The information set forth in the bill, that the fire extinguishers at the site were empty and that the heads on the sprinkler system were fused, was patently unresponsive to the demand. As to respondents' demand for sections of the law claimed to have been violated by them (Items Nos. 7 and 10), plaintiff's response thereto, that such items are not the proper subject of a bill of particulars, was inadequate. Respondents are clearly entitled to have plaintiff specify the statutes or ordinances claimed to have been violated (see *Smith v Woodbury Farms & Realty Corp.,* 265 App Div 885; *Vagelos v Robinson,* 37 AD2d 544; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3041.13). Plaintiff should also furnish particulars concerning violations placed on the subject building (Item No. 11). That respondents might appear to have knowledge of the information sought is immaterial. The purpose of a bill of particulars is to advise the adverse party of the pleader's claim, since the issue is not what the facts are, but what the pleader claims them to be *(Solomon v Travelers Fire Ins. Co.,* 5 AD2d 1017; 6 Carmody-Wait 2d, § 36.23). Since many of the particulars sought in respondents' demand were furnished by plaintiff in its bill (namely, Demands Nos. 4, 5 and 12–19, inclusive), and others were adequately covered

in the complaint, we believe that the provision of the order granting respondents an unconditional order of preclusion, should be modified to the extent set forth above (cf. *Hencken v Edelman,* 19 AD2d 821). Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.