■ ELIZABETH K. KENT, Respondent, v DALE FACTORS CORPORATION et al., Defendants, and HEHR ENTERPRISES Co., INC., et al., Appellants.—Order, Supreme Court, New York County, entered June 14, 1977, unanimously reversed, on the law, and the motion to dismiss the complaint for failure to state a cause of action granted, and the action severed as to defendants-appellants, without costs or disbursements. Plaintiff-respondent has moved to strike from the record and briefs matters which have occurred since inception of the appeal. The motion is granted and the matter is deemed stricken, without costs. Defendants-appellants have cross-moved to dismiss the appeal because the complaint to which the motion at Special Term was addressed has been superseded by an amended complaint. In connection with this motion, we have examined both complaints. They are identical except for the addition of Roer as a party. The motion is denied, without costs. Plaintiff-respondent had loaned money to defendant Dale Corporation under an agreement which required payment of installments of interest, and contained a clause accelerating the due date of principal upon a 90-day default in interest. After some payments of interest had been made, Roer, vice-president of Dale, wrote plaintiff a letter covering the check of Hehr Corporation, of which he was president, in the amount of interest due. Hehr would, the letter continued, issue its own note to replace the evidence of Dale's debt held by plaintiff. The replacement never issued, but for another four years the interest continued to be paid in checks sent variously by Hehr and by two other corporations of which Roer was president: Elad and Marlac. Then Roer wrote again to plaintiff that the three corporations had voluntarily made payments to her for interest and that they would try to continue but might not be able to do so, and that she might make any decision of her own as to enforcing her rights. Further, the letter suggested assignment to Roer and his three corporations of claims against Dale to the extent of the voluntary payments. Assignment was never made but plaintiff sued Dale and the three corporations to recover on the note and on an alleged promise by the three corporations to pay Dale's obligations. The described transactions do not add up to an agreement by defendant corporations to pay Dale's debt. True, the interest checks came to her but with no further explanation than Roer's original letter of what they were for. Plaintiff never agreed to refrain from suit and there is no showing, in any event, of consideration for any such agreement, even if found to have existed. Section 5-1103 of the General Obligations Law which dispenses with consideration where an agreement of modification of an existent contract is entered into, has no application here. There is no writing evidencing modification of a prior agreement as the statute requires, nor was there actually any original agreement between the parties in suit to be modified. The section just does not describe the situation found here. Plaintiff has stated no cause of action as against the appealing defendants, Roer's three corporations, and the complaint should be dismissed. The amended complaint is not before us on the appeal, but solely on Motion No. 4285. Concur —Lupiano, J. P., Silverman, Evans, Fein and Markewich, JJ.