■ Ajit Arora, Doing Business as Kohinoor Fabrics, Appellant-Respondent, v Arlee Home Fashions, Inc., Respondent-Appellant. — Judgment of the Supreme Court, New York County (Bowman, J.), entered October 28, 1982, which awarded plaintiff damages of $4,999.92 for breach of contract after a nonjury trial, is unanimously modified, on the law and the facts, to the extent of granting a new trial on the issue of the bedspreads and granting the plaintiff's motion to amend the original bill of particulars, and otherwise affirmed, without costs. Plaintiff imports fabrics from India, primarily in the form of pillowcases and bedspreads. Defendant is a fabric wholesaler. In August, 1979, the defendant placed six orders for pillowcases with the plaintiff. After plaintiff notified defendant of the arrival of the pillowcases at the Port of New York, defendant failed to open a letter of credit at its bank, as required by the agreement, and refused to accept the orders. Three of the orders arrived after the stated delivery date on the purchase order. In October, 1979, the defendant placed four orders for bedspreads with the plaintiff and again breached the agreement in the same manner. Plaintiff then brought the instant action in July, 1980, to recover damages for goods sold and delivered. In its original bill of particulars, plaintiff failed to include its damages arising from the orders of the bedspreads. In October, 1981, plaintiff requested leave to file a supplemental bill of particulars listing its losses from the bedspreads. Special Term severed the bedspread invoices from the supplemental bill, precluding plaintiff from offering proof at trial as to the bedspreads. Judgment was rendered for plaintiff in the amount of $4,999.92, constituting plaintiff's

actual losses for the three pillowcase orders timely delivered, plus interest, costs and disbursements. Plaintiff seeks reversal on the grounds that Special Term erred in severing the bedspread invoices from the supplementary bill of particulars, in construing time to be of the essence respecting the delivery of the pillowcases, and in refusing to accept evidence of finance charges for the purchase of the fabrics as consequential damages suffered by the plaintiff. Defendant cross-appeals the award to plaintiff of storage charges on three orders of pillowcases. CPLR 3025 (subd [b]) provides that leave to file a supplemental pleading "shall be freely given upon such terms as may be just". Leave is generally granted where no prejudice or surprise to the adverse party would result. (See *Kerlin v Green,* 36 AD2d 892, 893.) Such leave may be granted even at "the eve of trial". (*Symphonic Electronic Corp. v Audio Devices,* 24 AD2d 746.) In the instant action, the defendant could not be surprised or prejudiced by the inclusion of the losses from the bedspread orders in the plaintiff's supplemental bill of particulars. Because the defendant itself sent the purchase orders for the bedspreads to the plaintiff and because the defendant's name appeared at the bottom of these purchase orders, no element of surprise is possible. (See *Lukaris v Harrison Vending Systems,* 28 AD2d 1019.) Moreover, plaintiff served the supplemental bill on defendant nearly 10 months prior to trial, precluding any prejudice to defendant. Concur — Kupferman, J. P., Sullivan, Asch, Silverman and Milonas, JJ.