■ JEAN F. O'SULLIVAN, Appellant, v JOHN J. O'SULLIVAN,

Respondent.—Mikoll, J. Appeal from a judgment of the Supreme Court in favor of defendant, entered July 12, 1984 in Albany County, upon a decision of the court at Trial Term (Hughes, J.), without a jury.

The parties were married on April 7, 1956 in Albany County. Two children were born of the marriage. Plaintiff commenced this action for divorce, based on cruel and inhuman treatment, on or about August 20, 1982. Defendant served a verified answer to the complaint containing a general denial and the affirmative defense that the complaint failed to either state a cause of action or comply with CPLR 3016 (c), which requires the complaint in a divorce action to be pleaded with particularity.

The action came to trial on March 13, 1984 after denial of plaintiff's request for an adjournment. Both plaintiff and her daughter Jeanne Anne O'Sullivan testified to acts which allegedly constituted the cruel and inhuman treatment. Plaintiff attempted to enter into evidence a handwritten proposed separation agreement drawn up by defendant as evidence of his desire to terminate the marriage relationship. Upon defendant's objection, this request was denied by Trial Term. At the close of the testimony, plaintiff moved to conform the pleadings to the proof. This motion was also denied.

Trial Term, in granting defendant's motion to dismiss the complaint at the close of the evidence, concluded that "[t]he evidence adduced by plaintiff, even if the court were to find it entirely credible, is insufficient to warrant the dissolution of this long-standing marriage". Trial Term also stated in its written opinion that "[n]one of the instances of physical force testified to by plaintiff and her daughter were directed at plaintiff" and that "[d]efendant's failure to demonstrate patience and sympathy for plaintiff's physical ailments would not constitute cruelty in the absence of any medical testimony to support her self-diagnosis".

Plaintiff's contention that Trial Term erred when it denied her motion to conform the pleadings to the proof made at the end of the trial is meritorious. The judgment dismissing the complaint should be reversed and the matter remitted to Supreme Court for a new trial.

Leave to amend pleadings (CPLR 3025 [c]) should be freely given absent prejudice or surprise resulting directly from the delay (Fahey v County of Ontario, 44 NY2d 934, 935). Defendant's brief submitted on this appeal makes no claim that he would have been prejudiced in any way if the motion to

conform had been granted. Absent a claim of prejudice, lateness of the motion by itself is not ground for denial to conform the pleadings to the proof *(see, Edenwald Constr. Co. v City of New York,* 60 NY2d 957, 959).

Additionally, where "a motion to test the validity of a complaint is not made at an early stage of the litigation (when it could possibly be corrected) but instead is reserved until trial, 'the court usually will permit amendment and allow the case to be heard and determined on its merits' " *(Dittmar Explosives v A. E. Ottaviano, Inc.,* 20 NY2d 498, 503, quoting 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.27). Defendant pleaded lack of specificity as an affirmative defense in his answer but made no motion to dismiss the complaint until trial. This failure to move before trial also should have precluded Trial Term from denying the motion to conform *(id.; Jemzura v Jemzura,* 29 AD2d 797, *affd* 26 NY2d 1021).

Two items of evidence were specifically objected to, and sustained, as being inadmissible because such evidence was outside the scope of the pleadings. The first item described a physical attack on plaintiff by defendant and the second item was the proposed handwritten separation agreement allegedly drawn up by defendant. Had Trial Term granted plaintiff's motion to conform the pleadings to the proof, the grounds for exclusion of such evidence would have disappeared and plaintiff's case would have been strengthened.

Finally it appears that Trial Term also erred when it stated in its decision that "[d]efendant's failure to demonstrate patience and sympathy for plaintiff's physical ailments would not constitute cruelty in the absence of any medical testimony to support her self-diagnosis". Such self-diagnosis is competent evidence where it is supported by corroboration *(see, Wilkins v Wilkins,* 91 AD2d 771, 772).

Judgment reversed, on the law and the facts, without costs, and matter remitted to Supreme Court for a new trial. Mahoney, P. J., Main, Weiss, Mikoll and Harvey, JJ., concur.