OPINION OF THE COURT
Salvatore R. Mosca, J.
In this neglect p-roceedmg commenced by the Nassau County Department of Social Services alleging, in essence, that a child now 15 Vi years old had been sexually abused by the respondent, her adoptive father, for a period of approximately four years prior to April 10, 1989, respondent moves for an order dismissing the petition and an award of counsel fees. A brief summary of the events leading to this motion is appropriate.
On August 30, 1989, respondent entered a general denial and the matter was set down for trial tin October 30, 1989. In companion matters the court issued temporary orders of protection removing respondent from the hoi.ne and providing for supervised visitation. The amended petition in these companion matters alleges, inter alla, respondent’s tendency toward sadistic sexual practice as well as bestiality.
On September 11, 1989, the respondent’s attorney made a demand for a bill of particulars. After unsuccessfully attempting by telephone to obtain compliance with his demand he applied by motion, returnable October 10, lí'Pg', to preclude the petitioner from introducing any evidence, i,t trial, of the items demanded. In court on October 10, 198,9, the County Attorney (Family Court Bureau Chief) agreed to comply by October 16, 1989. The court granted the motion to preclude on condition there was no compliance by October 16¡, 1989.
Petitioner served a purported bill of particulars, dated October 10, 1989, the same day the motion to .preclude was heard, on respondent. By motion returnable October 26, 1989, the respondent moved to dismiss the petition.
Specifically at issue here is the adequacy of petitioner’s bill of particulars and what sanctions, if any, the court should impose to compel compliance with its order.
In order to obviate further motions on this bill the Court has examined each item. Before reviewing the bill of particulars *590 submitted, it should be noted that the court considers the, demand for the bill generally inartfully drawn.
Review of the bill of particulars -reveals: Regarding/items l.a, 2.a, 2.c, 2.d, 2.e, 2.f, 2.h, 2.i, 3.a, 3X 3.p, 4.a, 4.j, that they are generally unresponsive to the demand and/or ,attempt to respond by reference to other documents. Resposise by reference to other documents or items is improper./ "Each item of a demand should be answered separately and categorically under its own number without reference either^to the complaint or to other portions of the bill of particulars”. (Whirl Knits v Adler Business Machs., 54 AD2d 760.)
Regarding item l.c, the demand for; this item is particularly inartfully drawn, however, that did not seem to trouble the Deputy County Attorney. The response is even more befuddling. In a petition alleging sexual abuse as well as neglect, the County Attorney responds that he intends to pfoceed pursuant to Penal Law § lSO.05 which sets forth what constitutes lack of consent and section 260.10 which sets forth the elements of the offense of ^Endangering the welfare of a child. Puzzling in' that no eeiual offenses are set forth. (See, Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A,. Family j Ct Act § 1012, at 233.) If the County Attorney were confined to proof of these Penal Law provisions he would be unÁble to satisfy the requirements of Family Court Act § 1012{ (e) (iii), and consequently, the court could not make a finding o'f a specific sex offense as required by Family Court Act § 1051-
Regarding items 3.e, 3.f, 3.g, 3.h, 3.j, 3.k, 3.m, 3.n, 4.b, 4.c, 4.d, 4.e, 4.f,' 4.g and 4.h, the inadequacy of the response "Unknown” i£ self-evident. Even in a neglect proceeding, if the specifics Are truly and justifiably unattainable, the party demanding tAe particulars is entitled to a frank statement of the item demanded to the extent known.
The court i-S aware that in an article 10 proceeding, because of the age of mental health of the child, the usual degree of specificity required in a bill of particulars may not be possible.
In this ¿ose, however, the child is 15 Vi years old and many of the particulars demanded pertain to an alleged incident which occurred fairly recently.
The purpose of a bill of particulars is to amplify the pleading, limit the proof, and prevent surprise at trial. Specificity, not generalization, is required (Bergman v General Motors Corp., 74 AD2d 886 [1980]). The court finds the bill submitted *591 so obviously improper in form, spurious and unresponsive as to constitute an affront to the court.
The facts outlined above occur frequently and constitute a recurring problem for the court.
On one previous occasion, when this court was faced with such recalcitrance by the County Attorney, the court, as is the normal practice on motions to preclude, precluded the petitioner from offering proof if the bill was not submitted by a date specified. The County Attorney ignored the court’s order and on the day set for trial the County Attorney offered a similarly deficient instrument as a bill of particulars. With the gravest reservations the petition had to be dismissed. The court only took this approach because the court had before it a companion custody matter, wherein the court could exercise control in the best interest of the child. Now the court itself questions such action. The County Attorney’s improper performance should never be a basis for taking any risk that might be detrimental to the child.
Ordinarily, a court, when faced with a petitioner who fails to properly supply a bill of particulars or fails to disclose, could issue an order of preclusion (CPLR 3042) or stay further proceedings until the order is obeyed, or, if appropriate and warranted, dismiss the action. However, in a neglect and/or abuse matter these remedies are inappropriate and, therefore, unavailable. The court while charged with safeguarding all the procedural and substantive constitutional and common-law rights of the respondent also must serve its role as parens patriae. The court’s expanding role insuring the safety and well-being of the child militates against dismissing the petition for that might lead to harm and injury to the child. The court has no problem allowing two adults, in normal civil litigation, to have their own remedies against an attorney who disregards its orders, however, such is not in the child’s best interest when he or she has a County Attorney acting on its behalf. There is an added duty upon the court to insure the child’s safe being and have a determination on the merits.
The court is aware that part 130 of the Uniform Rules for Trial Courts (22 NYCRR) provides for the imposition of costs in certain proceedings and that it specifically does no apply to Family Court Act proceedings under articles 3, 7, 8 oi .IO. This rule is permissive. It grants to courts, in addition to ary other *592 powers they might otherwise possess in proceedings other than articles 3, 7, 8 or 10 of the Family Court Act, the authority to impose, because of frivolous conduct, as costs, expenses and attorney’s fees. This court does not believe that it was the intention of this rule to leave the court without appropriate remedy. If that was so the County Attorney could disregard the orders of the court with impunity, secure in the knowledge that sanctions are impermissible and dismissal in an inappropriate remedy. The court is prone to conclude, from the County Attorney’s conduct in this and similar proceedings, that he is acting under such a mistaken belief.
In this matter the County Attorney has failed to supply respondent with a proper bill of particulars. This has necessitated motions by respondent’s counsel at great expense to respondent. It has also caused unlimited delay resulting in justice delayed to the child involved, herein, as well as the respondent. Clearly, in this instance justice delayed is justice denied. Further, the court cannot permit the County Attorney through delay and recalcitrance to force the respondent, because of the mounting costs, to capitulate. Respondent’s pockets are limited while the County Attorney’s finances are unlimited.
Because of the nature of these proceedings, as has already been stated, dismissal is an inappropriate remedy and, therefore, the motion to dismiss is denied and the previous order granting preclusion vacated. The County Attorney is directed to serve, in accordance with the above, the particulars demanded within 10 days of the date of this order.
Under the circumstances, the court finds that the allowance only of motion costs pursuant to CPLR 8202 woefully inadequate and that the most equitable manner of protecting the respondént and preserving the dignity of the court from similar conduct is to impose sanctions.
The court concludes that sanctions may be imposed upon the County Attorney, for his total disregard of the court’s orders, under its inherent powers to regulate proceedings before it, as well as by the broad powers granted it by Judiciary Law § 750 et seq. (see, Burrows v City of New York, 127 Misc 2d 344; Dowlitt v City of New York, 113 AD2d 722; Matter of Photosound, Inc. v Gourdine, 126 Misc 2d 495).
Accordingly, this application for costs is granted to the *593 extent that the respondent is awarded $100 costs on his motion to preclude and $100 costs on his motion to dismiss (CPLR 8202), as well as $500 as costs for attorney’s fees (Judiciary Law § 750).
The county is directed to pay these costs to respondent and his attorney directly.