OPINION OF THE COURT
Gerard M. Weisberg, J.
In this slip and fall case, we must resolve the apparent conflict between the case law rule that a litigant must give prior notice of statutory authority intended to be relied upon at trial or suffer preclusion and CPLR 4511 which directs us to judicially notice such matter whether or not notice has been given.
The accident in question occurred at Brooklyn College, a senior institution of the City University of New York (CUNY).[1] Jurisdiction is vested in this court pursuant to Education Law § 6224, and the trial was bifurcated.
On March 7, 1987, claimant Lloyd Rothstein, his coclaimant wife, their son and other relatives attended a performance of "Madam Butterfly” at the Walt Whitman Auditorium of Brooklyn College. They had reserved seats in the balcony and were escorted there by an usher. Subsequently, the house lights were turned off and the opera began.
During the performance, claimant felt compelled to use a rest room. In the aisle stairway near to his seat, every other riser contained a step light which shined on the adjacent step. One light, however, was out. When claimant reached this spot he fell, resulting in this action.
Claimant would predicate liability on the following theories: (1) that the step light was out in violation of the Building Code of the City of New York (the Building Code) (Administrative Code of City of New York § 27-101 et seq.); and (2) that the absence of handrails and a color stripe on the edge of the step was a breach of CUNY’s common-law duty of due care.
In response, defendant argues that claimant may not cite the Building Code because it was not pleaded in the claim nor *913 included in the bill of particulars. As to the other theories of liability, CUNY posits that there was a failure of proof. Specifically, CUNY notes that there was no evidence of notice, either actual or constructive, that the step light was out, and no expert evidence that the other alleged omissions were actionable.
Section 27-232 of the Building Code defines “Place of Assembly” as follows: “An enclosed room or space in which seventy-five or more persons gather for religious, recreational, educational, political or social purposes, or for the consumption of food or drink, or for similar group activities”. With respect to such places, it then provides: "Each step in an aisle shall be marked along its nosing with a permanent contrasting color stripe, and shall be provided with a step light.” (Building Code §27-532 [a] [7] [g].)
The common-law rule is, of course, that one in possession of land may not be charged with a failure to discover and cure a dangerous condition thereon unless sufficient prior notice, either actual or constructive, exists to render the failure to act unreasonable. (See, e.g., Gordon v American Museum of Natural History, 67 NY2d 836.) However, with respect to an analogous provision of the Building Code regulating stairwell lights, the Court of Appeals has held that the ordinance "imposes a positive duty, the violation of which is evidence of negligence * * * without regard to whether or not the defendant had notice of his violation.” (Smulczeski v City Center of Music & Drama, 3 NY2d 498, 500.) We see no reason why the identical analysis should not apply here. Thus claimants’ failure to establish prior notice that the step light was out is fatal to their cause of action if, but only if, we may not consider the Building Code. Conversely, should we allow it, CUNY’s negligence is clear.[2]
As indicated above, defendant argues that we should not consider the Building Code because it was not included in the *914 claim or bill of particulars.[3] Claimant responded by moving to conform the pleadings to the proof, i.e., that the bill of particulars be deemed amended to include the Building Code.
CPLR 3025 (c) authorizes the amendment of pleadings to correspond to the proof adduced at trial. It is directed to the discretion of the court but shall be freely given. (CPLR 3025 [c]; Dittmar Explosives v Ottaviano, Inc., 20 NY2d 498.) The primary factors to be considered are delay in moving, surprise and significant prejudice, although it is the latter which is the determinative consideration. (See, e.g., Murray v City of New York, 43 NY2d 400; Guest v City of Buffalo, Dept. of Sts. Sanitation, 109 AD2d 1080; see generally, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3025:15, at 363; 3 Weinstein-Korn-Miller, NY Civ Prac If 3025.28.) In fact, mere lateness without prejudice is insufficient to deny the relief. (Edenwald Contr. Co. v City of New York, 60 NY2d 957; Miller v Danchak, 144 AD2d 825; O’Sullivan v O’Sullivan, 126 AD2d 784, lv dismissed 69 NY2d 984; Arora v Arlee Home Fashions, 98 AD2d 655 [1st Dept].)
While the existence of prejudice is a sui generis determination, an analysis of the cases reveals that the critical factor appears to be whether new facts, unanticipated by the movant’s adversary, would be admitted as a result of the amendment. (See, e.g., Bosch v City of New York, 143 AD2d 607 [1st Dept]; Reynolds v Towne Corp., 132 AD2d 952 [4th Dept], lv denied 70 NY2d 613; Raies v Apple Annie’s Rest., 115 AD2d 599 [2d Dept].) It is the inability to contest or sufficiently respond to these facts because of surprise that creates the prejudice. Where, however, the proposed amendment would *915 change only the legal theory based on facts already pleaded or proven, the relief has generally been granted. (See, e.g., Murray v City of New York, 43 NY2d 400, supra; Harding v Filancia, 144 AD2d 538; Peculis v Longview Fibre Co., 135 AD2d 929, lv dismissed 72 NY2d 909, lv denied 74 NY2d 615; Manginaro v Nassau County Med. Center, 123 AD2d 842; Lambert v Katz, 121 AD2d 368; Rife v Union Coll., 30 AD2d 504; Palmeri v State of New York, Ct Cl, Sept. 18, 1990, Rossetti, J.)
Defendant offers no argument why the amendment should not be granted here. While we might surmise some surprise on CUNY’s part,[4] it has made no offer of prejudice nor even asked for more time to consider the issue. On its face the ordinance says each step must have a light and defendant conceded in its brief that the section applies to Walt Whitman Auditorium. In light of Smulczeski (supra), the only issues to be tried were, therefore, whether the light was out, and if so, whether that contributed to claimant’s fall. Yet these were the allegations contained in the claim and therefore the questions which we tried. We fail to conceive what different proof CUNY might have proffered had the Building Code been alleged at the inception. Thus, claimants seek to do no more than change their theory of liability predicated on facts alleged in the pleadings and proven at trial. In the absence of even an assertion of prejudice, the application should be granted.
Approaching the same question from a different direction, we note that CPLR 4511 (b) provides that we may take judicial notice of municipal ordinances, such as the Building Code, without request from the parties or giving notice to them. (See generally, 5 Weinstein-Korn-Miller, NY Civ Prac tí 4511.05.) Prima facie these two rules (CPLR 3025, 4511) could therefore easily create anomalous results.
To take the simplest illustration, suppose claimants here had not moved pursuant to CPLR 3025. Would not CPLR 4511 (b) still authorize us to take judicial notice of, and therefore apply, the Building Code sua sponte? (Cf., In re Tummillo, 14 Bankr 736; Paige v State of New York, NYLJ, Nov. 13, 1986, *916 at 7, col 1.) Then, where no motion was made, the relief might have been obtained; while where made, and opposed, the relief might have been denied.
It would appear that in order to reconcile these provisions,[5] the discretion afforded the courts pursuant to CPLR 4511 (b) should be exercised with a view to the rules applied under CPLR 3025. In other words, if the failure to disclose statutory or related authority so prejudices an adversary as to justify disapproving an application to amend under CPLR 3025, then the court would be abusing its discretion to judicially notice such authority. Conversely, where the amendment is granted, or would have been granted if sought, the court would appropriately take judicial notice of the authority even if the motion under CPLR 3025 had not been made. (Cf., McLaughlin, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4511, 1990 Supp Pamph, at 368.) Here, since we have granted the amendment, we have no problem taking judicial notice of the Building Code pursuant to CPLR 4511 (b), thereby providing a related yet alternative basis for our reliance on the ordinance.
Defendant also challenges the claimant’s testimony that the light was actually out and, if out, caused his fall. It disputes the latter by emphasizing claimant’s testimony that he did not catch his shoe on the step where he fell nor was he looking at this feet at such time.
With respect to the light, CUNY failed to offer any evidence that the light was on, although Brooklyn College employees had the opportunity to investigate the incident immediately after it occurred. Based on our evaluation of claimant’s credi *917 bility on the witness stand and the lack of evidence to the contrary, we accept claimant’s testimony that the step light was out. (See also, n 2, supra.)
As to proximate causation, a fair interpretation of claimant’s testimony is that he was attempting to find his way down the steps as best he could in the dark when he either missed a step or lost his balance at or near where the light was out and fell. Based thereon, we find that the fall was caused, at least in substantial part, by the existence of three steps which were unlit in violation of the Building Code.
Finally, CUNY cites several cases for the broadly stated proposition that anyone descending stairs in a darkened auditorium "does so entirely at his own risk.” None of the authorities cited support this hypothesis. At most, several found some contributory negligence on the facts presented. (See, Decker v Brooklyn Strand Theatre Corp., 249 NY 580 [1928]; Pattison v Livingston Amusement Co., 156 App Div 368 [1913].) Moreover, Rabinowitz v Evergreen Amusement Corp. (137 Misc 387 [1930]) quite to the contrary held that not even contributory negligence would lie where, as here, the plaintiff had originally been directed to the area of the fall by an usher. In any event, we think these cases have little precedential value inasmuch as they predate the advent of comparative negligence in this jurisdiction. (CPLR 1411, eff Sept. 1,1975.)
Be that as it may, we believe that a reasonable man would recognize that dark theater steps require a heightened level of attention in order to be transcended safely; a level which we do not believe claimant employed. We therefore find him to have been contributorily negligent to the extent of 20%.
Upon the foregoing, the clerk of this court is directed to enter an interlocutory judgment on the question of liability, holding the defendant CUNY liable for 80% of all damages arising from the incident at bar. The court will set this matter down for trial on the issue of damages after a note of issue and certificate of readiness have been served and filed pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 206.12.

. The City University of New York was erroneously referred to as "Respondent” in the caption of the claim. The party against whom an action is brought in the Court of Claims is properly designated as "Defendant”. (See, Bell v State of New York, 140 Misc 2d 778, affd 154 AD2d 958.)

. It is also interesting to note, although not raised by the parties, that the Building Code quoted above requires step lights and color stripes on each step. The evidence was that in addition to one step light being out, the color stripe was also missing at the site of the fall. Moreover, as was revealed in the photographs introduced into evidence, only every other riser had a light fixture. Thus the ordinance was violated in four ways: there were three unlit steps in the area where claimant fell as well as a missing color stripe.

. Pursuant to CPLR 3016 (e) only the law of foreign nations or their political subdivisions need be set forth in a claim or complaint. With respect to bills of particulars, the rule which has evolved may be stated as follows: Where a party’s cause of action is predicated on statutory or similar authority, the particulars thereof must be provided upon demand. (See, Johnson v National R. R. Passenger Corp., 83 AD2d 916; Flynn v Mario & Di Bono Plastering Co., 52 AD2d 809; Vagelos v Robinson, 37 AD2d 544; Sacks v Town of Thompson, 33 AD2d 627.) If not so predicated, disclosure is not warranted for, as common sense would dictate, there would be no particulars to provide. (See, Coughlin v Festin, 53 AD2d 800; Sobel v Midchester Jewish Center, 52 AD2d 944.) That notwithstanding, should a party decide to change its theory and rely on a nonrevealed statutory base, then notice thereof should be provided reasonably prior to trial or preclusion may follow. (See, Langella v D’Agostino Supermarket, 122 Misc 2d 708.) Here the claim pleaded only negligence. Arguably, therefore, claimants only had to notify CUNY of their decision to rely on the Building Code sufficiently in advance of trial so as to avoid prejudice.

. Actually, in the bill of particulars the claimants reserved the right to offer proof of statutory violations at trial. Defendant failed to move prior to trial to strike this provision or to preclude. Both a lack of surprise and waiver may arguably be predicated on such omissions. (See, Dittmar Explosives v Ottaviano, Inc., 20 NY2d 498; O’Sullivan v O’Sullivan, 126 AD2d 784, lv dismissed 69 NY2d 984.)

. How to reconcile CPLR 3025 and 4511 (a) is more problematic because the latter provision requires the courts to take judicial notice of, among other things, all statutes of this State. The courts are therefore arguably obligated to apply a New York State statute to facts adduced at trial regardless of whether the party disclosed the intention to rely thereon to his or her adversary.
This possible conflict was anticipated by Justice Breitel, then of the Appellate Division, First Department, in the case of Gevinson v Kirkeby-Natus Corp. (26 AD2d 71). In Gevinson, the First Department refused to require a party to supply a bill of particulars with respect to statutory authority upon which he intended to rely. Justice Breitel observed that it would serve no purpose to compel disclosure because the court was required to take judicial notice of, and make its own determination with respect to, what the applicable statutory law was regardless of what had been disclosed. Subsequent cases, however, have not followed Gevinson. (See, e.g., Vagelos v Robinson, 37 AD2d 544 [1st Dept]) and it apparently had been overruled sub silentio.