■ GEORGE M. DONOHUE, Respondent-Appellant, v JOHN R. MINICUCCI, Appellant-Respondent.—Judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: Plaintiff sued defendant for legal services based upon the theory of a joint venture whereby plaintiff and defendant would split the fees equally. At a bench trial, the court determined that there was no joint venture and awarded plaintiff the sum of $13,500 on the basis of quantum meruit. We reverse. The court improperly granted judgment for plaintiff on the theory of quantum meruit. Although CPLR 3017 authorizes the court to grant any type relief even if it is not requested, the relief must be appropriate to the proof. Moreover, relief that is not requested may not be granted where there is substantial prejudice to the adverse party (see, 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3017.06). Plaintiff did not plead a cause of action on the theory of quantum meruit and he did not submit proof of the reasonable value of his services. By not alerting defendant to the issue, plaintiff caused substantial prejudice to defendant by depriving him of the opportunity to submit evidence of the reasonable value of the services. Our reversal of the judgment and dismissal of the complaint does not, however, preclude plaintiff from bringing a new action based on quantum meruit (see, Bialostok v Wolfer, 191 Misc 385). (Appeals from Judgment of Supreme Court, Niagara County, Fallon, J.—Breach of Contract.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.

■ DENNIS KIELY et al., Respondents, v C.A. SHARROW FORD, INC., Defendant, and MARINE MIDLAND AUTOMOTIVE FINANCIAL CORPORATION (MMAFC), Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Supreme Court erred in granting plaintiffs summary judgment on liability under the Used Car Lemon Law (see, General Business Law § 198-b). There is an issue of fact whether plaintiffs notified the dealer of the failure of a covered part within the specified warranty period (see, General Business Law § 198-b [b] [3]). (Appeal from Order of Supreme Court, Monroe County, Patlow, J.—Summary Judgment.) Present— Doerr, J. P., Boomer, Green, Pine and Davis, JJ.