■ LLOYD ROTHSTEIN et al., Respondents, v CITY UNIVERSITY OF NEW YORK, Appellant. (Claim No. 76107.) [599 NYS2d 39] — In a claim to recover damages for personal injuries, etc., the defendant appeals from an interlocutory judgment of the Court of Claims (Weisberg, J.), entered November 7, 1990, which, after a nonjury trial, found it 80% at fault in the happening of the accident.

Ordered that the interlocutory judgment is affirmed, with costs.

The claimants brought this claim against the defendant, the City University of New York, to recover damages for personal injuries suffered by the claimant Lloyd Rothstein, on the evening of March 7, 1987, when he fell down the steps in the Walt Whitman Theater at Brooklyn College while attending a performance there.

After the liability portion of the bifurcated bench trial had been completed, the court granted the claimants' motion to conform the pleadings to the proof, pursuant to CPLR 3025 (c). In subsequently amending the pleadings, the court *sua sponte* took judicial notice of New York City Building Code (Administrative Code of City of NY) § 27-532 (a) (7) (g) which required that each step in an aisle (in a place of assembly such as this theater [NY City Building Code § 27-232]) be clearly marked with a permanent contrasting color stripe and be provided with a step light. Although the claimants had not cited any statute, ordinance, rule, or regulation in the claim or the bill of particulars, they had reserved the right to do so.

The court found that the defendant had violated the aforementioned provision of the Code and, in doing so, was 80% at fault in the happening of the accident. The claimant Lloyd Rothstein was found to be 20% at fault in the happening of the accident. The defendant appeals, arguing that the court erred in applying the Code to this "trip and fall" accident and that the verdict of 80% fault on the defendant's part was against the weight of the evidence.

The court properly granted the claimants' motion pursuant to CPLR 3025 (c) to amend the pleadings to conform to the evidence adduced at trial. Pleadings may be freely amended at the court's discretion "during or even after trial", so long as no undue prejudice results *(see, Dittmar Explosives v A.E. Ottaviano, Inc.,* 20 NY2d 498). In deciding whether to grant the motion, the courts consider such factors as the delay in moving, surprise, and significant prejudice, the latter being the foremost consideration *(see, Murray v City of New York,* 43 NY2d 400).

We find that in taking judicial notice of New York City Building Code § 27-532 (a) (7) (g), without notice and after trial, the court did not significantly prejudice the defendant by denying it a full and fair opportunity to defend. Applying the provisions of that statute concerning the lighting and marking of steps in the aisles of certain places of public assembly merely created an additional theory of liability in the case. No new facts were pleaded and, in any event, new facts were not needed. The defendant's negligence in not maintaining an adequately lighted stairway in its theater had already been sufficiently established at trial, to the extent that defendant was properly adjudged to be 80% at fault for the claimant's fall.

Moreover, the court's *sua sponte* decision to take judicial

notice of New York City Building Code § 27-532 (a) (7) (g) is authorized by CPLR 4511 (b), as it may be considered an "ordinance * * * [or] regulation * * * [of a] governmental subdivision * * * of the state." In such a case, the statute declares that judicial notice may be taken without request (*i.e.*, without notice), at the court's discretion. In addition, in its posttrial brief, the defendant did not contend that it was prejudiced as a result of the court's action, or request more time to consider the argument.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur. *[See,* 148 Misc 2d 911.]