■ RALPH BABCOCK, JR., Doing Business as BABCOCK CONSTRUCTION, Respondent, v WHIPPLE BROTHERS, INC., Appellant. [605 NYS2d 433] —Mercure, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered September 30, 1992 in Delaware County, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint.

The parties entered into a written contract in October 1989, under the terms of which plaintiff agreed to construct a retail store for defendant. The contract terms called for completion of the building in three phases: excavation, for a total sum of $40,280; carpentry, masonry and plumbing on a time and materials basis at $15 per hour per worker, to be paid weekly; and drywall at 60 cents per square foot. After plaintiff completed the excavation work and during work on the second phase, defendant terminated the contract. Plaintiff then

brought this action for breach of contract and defendant counterclaimed for the cost of repair of plaintiff's work and for damages resulting from delay in completion of the building. Following joinder of issue, defendant moved for summary judgment dismissing the complaint and for judgment on its counterclaim upon the ground that the contract was indefinite both as to the time of performance and the contract price for the carpentry, masonry and plumbing work and, thus, unenforceable. Supreme Court denied the motion and this appeal ensued.

We affirm. As noted by Supreme Court, the contract's provision for payment for carpentry, masonry and plumbing at a rate equal to the cost of materials plus $15 per hour for labor, together with defendant's plans, provides a sufficiently definite and readily ascertainable formula to determine price *(see, Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475, 482, *cert denied* 498 US 816; *Kensington Ct. Assocs. v Gullo,* 180 AD2d 888, 889; *cf., Picciano & Son v Olympic Constr. Co.,* 112 AD2d 604, *appeal dismissed* 66 NY2d 854). In fact, it appears that the formula was successfully employed during the period that plaintiff did work on the project, with defendant paying all the outstanding materials and equipment bills and paying for most of the labor hours submitted on a weekly basis as agreed. As for defendant's claim that the contract lacks definiteness as to time of performance, we agree with Supreme Court that factual issues exist as to whether the work schedule attached to defendant's bill of particulars became part of the contract.

Mikoll, J. P., Yesawich Jr. and Casey, JJ., concur. Ordered that the order is affirmed, without costs.