■ LEONARD HIGGINS, Doing Business as LEONARD HIGGINS GENERAL CONTRACTORS, Respondent, v JAMES J. MORAN et al., Appellants. [629 NYS2d 896] —Judgment unanimously affirmed without costs. Memorandum: We conclude that Supreme Court properly permitted plaintiff building contractor to change his theory of liability from breach of an express contract to breach of an implied contract with respect to the Salt Road project *(see,* CPLR 3025 [c]; *Gonfiantini v Zino,* 184 AD2d 368, 369). Defendants failed to show that they were prejudiced thereby and, indeed, presented their own proof of the reasonable value of plaintiff's services *(see, Gonfiantini v Zino, supra,* at 370; *Rothstein v City Univ.,* 148 Misc 2d 911, 914, *affd* 194 AD2d 533; *cf., Donohue v Minicucci,* 174 AD2d 1013). Contrary to defendants' contention, the testimony of plaintiff's experts

provided sufficient proof of the reasonable value of a general contractor's services on the Salt Road project. We further reject the contention of defendants that, because plaintiff cashed their check marked "payment in full to date for house and office", an accord and satisfaction resulted. While, "[a]s a general rule, acceptance of a check in full settlement of a disputed unliquidated claim operates as an accord and satisfaction discharging the claim" *(Merrill Lynch Realty/ Carll Burr, Inc. v Skinner,* 63 NY2d 590, 596, *rearg denied* 64 NY2d 885), here, defendant James J. Moran testified that no dispute over payment had yet arisen when plaintiff cashed the check. (Appeal from Judgment of Supreme Court, Erie County, Rath, Jr., J.—Breach of Contract.) Present—Pine, J. P., Fallon, Doerr and Davis, JJ.