■ OLD OAK REALTY, INC., Respondent, v VINCENT POLIMENI et al., Appellants. [648 NYS2d 665] —In an action, *inter alia,* to recover the unpaid portion of a brokerage commission, the defendants appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated August 9, 1995, which denied their motion for partial summary judgment dismissing the first and third causes of action.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for partial summary judgment is granted, and the first and third causes of action are dismissed.

The defendants, as purchasers of real property, contracted to pay the plaintiff a brokerage fee of $185,400 pursuant to a commission agreement dated February 11, 1988. The plaintiff commenced this action to recover, *inter alia,* the balance of $35,400 which is allegedly due under the terms of the commission agreement. The defendants moved for partial summary judgment on the ground that their obligations under the commission agreement were fully satisfied based upon a purported endorsement to the commission agreement by the plaintiff's president indicating that the commission was paid in full by the tender of a check for $120,000 and a note allegedly for $80,000.

Inasmuch as the defendants have not established that the amount of the commission due to the plaintiff was a disputed liquidated sum, acceptance by the plaintiff of less than the full amount due cannot constitute an accord and satisfaction (*see, Merrill Lynch Realty/ Carll Burr, Inc. v Skinner,* 63 NY2d 590, *Patel v Orma,* 190 AD2d 782; *Dyckman v Barrett,* 187 AD2d 553; *Ross v Mail Order Merchandising,* 128 AD2d 514; *Higgins v Moran,* 217 AD2d 945).

Nevertheless, the defendants are entitled to partial summary judgment. We agree with the Supreme Court that the plaintiff did not establish the existence of a question of fact

regarding the authenticity of its president's signature on the endorsement to the February 11, 1988, commission agreement, which indicated that the commission was "paid in full" (*see, Spilky v Bernard H. La Lone, Jr., P. C.*, 227 AD2d 741; *Krill v Aziz*, 186 AD2d 81; *State Bank v McAuliffe*, 97 AD2d 607; *cf., Lane Crawford Jewelry Ctr. v Han*, 222 AD2d 214). Moreover, there is no material question of fact raised by the apparently erroneous reference in the endorsement to an $80,000 note (the note in question actually being in the principal sum of $60,000).

Accordingly, there are no questions of fact precluding a finding that there was a novation inasmuch as there was a previously valid obligation, agreement of the parties to the new obligation, extinguishment of the old contract, and a valid new contract (*see, Wasserstrom v Interstate Litho Corp.*, 114 AD2d 952; *Town & Country Linoleum & Carpet Co. v Welch*, 56 AD2d 708). Furthermore, inasmuch as the "paid in full" endorsement on the February 11, 1988, commission agreement was signed by the plaintiff's president no new consideration was required to give effect to the discharge of the defendants' obligations under that agreement (*see,* General Obligations Law § 5-1103; *cf., Matter of Crea*, 27 NY2d 339; *Kent v Dale Factors Corp.*, 67 AD2d 848). The defendants, therefore, are entitled to summary judgment dismissing the first and third causes of action which were based upon the original commission agreement. Copertino, J. P., Goldstein, McGinity and Luciano, JJ., concur.