■ RICHARD A. GRALL, SR., et al., Appellants, v BAMAR, INC., Doing Business as BAMAR BASIN, et al., Defendants, and DENNIS SILLIS, SR., et al., Respondents. [650 NYS2d 242] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Rockland County (Rudolph, J.), dated November 1, 1995, as, upon reargument, adhered to so much of an order of the same court dated May 31, 1995, as denied their cross motion for leave to file a second amended complaint and to amend their bill of particulars.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon reargument the cross motion of the plaintiffs to amend their amended complaint and their bill of particulars is granted, and the order dated May 31, 1995, is amended accordingly.

The plaintiffs alleged, *inter alia,* that the defendants Judy Sillis and Dennis Sillis, Sr., negligently supervised their son, the defendant Dennis Sillis, Jr. Although the first amended

complaint and the bill of particulars alleged that Dennis Sillis, Jr., was a child with "no dangerous propensities", the evidence submitted by the plaintiffs demonstrated that the parties were aware that the plaintiffs' claims were premised on the theory that the child had "known dangerous propensities". Because the defendants failed to demonstrate surprise or prejudice as a result of the plaintiffs' delay in seeking the amendment, the Supreme Court erred in denying the application for leave to amend (*see,* CPLR 3025 [b]; *Fahey v County of Ontario,* 44 NY2d 934; *Corsale v Pantry Pride Supermarket,* 197 AD2d 659; *Rothstein v City Univ.,* 194 AD2d 533). Copertino, J. P., Santucci, Joy and Goldstein, JJ., concur.