■ JRDM Corporation, Respondent, v U.W. Marx, Inc., et al., Appellants. [654 NYS2d 857] —Carpinello, J. Appeal from an order of the Supreme Court (Torraca, J.), entered December 18,

_____

1995 in Ulster County, which, *inter alia,* denied defendants' cross motion to compel the production of certain documents.

This action arises out of the renovation of the Malden Service Area on the Thruway in the Town of Saugerties, Ulster County. In 1993, defendant U.W. Marx, Inc., as general contractor, and plaintiff, as subcontractor, entered into a·written contract for the performance of excavation and earthwork on this project. Plaintiff claims that it is owed over $644,000 for extra work performed beyond the initial scope of the contract, said work consisting largely of concrete removal. Plaintiff claims that it should be reimbursed for this extra work based upon a "unit price" per cubic yard of concrete removed. Plaintiff further claims that the sole dispute between the parties on this issue is determining the proper "unit price".

As part of their discovery demands, defendants requested the production of certain documents relating to plaintiff's estimated and actual costs for this extra work. Upon plaintiff's failure to comply, defendants cross-moved to compel production. Supreme Court denied the cross motion finding that the requested documents are not "material and relevant" to plaintiff's claims, prompting defendants' appeal.

CPLR 3101 (a) requires full disclosure of all evidence "material and necessary in the prosecution or defense of an action" and courts have liberally construed this mandate to afford parties all discovery that may aid in preparing their case (*see, De-Divitis v International Bus. Machs. Corp.,* 228 AD2d 963). Significantly, plaintiff's amended complaint seeks recovery for the *value* of labor and material provided under the contract. While plaintiff strenuously argues that "value" does not mean "cost", its cause of action in this regard is a hybrid between a breach of contract claim and a claim in quantum meruit. Further, a review of the documentary evidence in the record reveals that the parties may have never reached an agreement on the proper "unit price", price being an essential element of any contract (*see generally, Babcock v Whipple Bros.* 199 AD2d 759, 760). Where services are performed under an express promise to pay, but the evidence fails to establish a contract, recovery may still be had based upon the value of the services actually rendered (*see, Pellegrino v Almasian,* 10 AD2d 507, 508-509).

If the proof develops as anticipated and plaintiff is unable to establish a meeting of the minds on the proper unit price, it is likely that plaintiff may seek to amend its complaint to assert a pure quantum meruit claim. It is well settled that such leave is freely given (*see, Sheppard v Smith Well Drilling & Water*

*Sys.*, 102 AD2d 919), even on the eve of trial (*see, Arora v Arlee Home Fashions*, 98 AD2d 655) and especially where the amended pleading would change only the theory of liability without adding additional facts (*see, Carco, Inc. v Beltrone Constr. Co.*, 183 AD2d 984). Defendants should be provided with the requested documents sufficiently in advance of trial to properly prepare their defense, particularly in light of the magnitude of the claim at issue in this case. For these reasons, we are constrained to find that Supreme Court erred in concluding that plaintiff's records of estimated and actual costs were not material and relevant.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' cross motion; said cross motion granted to the extent that it seeks the production of documents; and, as so modified, affirmed.