■ FERDINAND R. DANISE, Respondent, v AGWAY ENERGY PRODUCTS et al., Appellants. [680 NYS2d 723] —Mikoll, J. P. Appeal from an order of the Supreme Court (Best, J.), entered October 10, 1997 in Montgomery County, which granted plaintiff's motion for leave to amend his complaint.

Supreme Court allowed the amendment of plaintiff's complaint reinstating a cause of action under Navigation Law § 181 (5) which the court had previously dismissed. The court concluded that since the cause of action had been pleaded in the original complaint and there was an intervening change of law, and the same facts stated in the negligence cause of action applied to the Navigation Law cause of action, no prejudice to defendants occurred.

This is an oil spill case. Plaintiff's complaint dated February 2, 1994 alleged that defendants delivered a quantity of fuel oil beyond that which was ordered or required, resulting in leakage of the oil onto plaintiff's property causing damage to the building, contents and land. Two causes of action were averred, one based on the negligence of defendants and one on defendants' violation of Navigation Law § 181. The second cause of action was dismissed based on a decision in *Busy Bee Food Stores v WCC Tank Lining Technology* (202 AD2d 898, *lv denied* 83 NY2d 953). Plaintiff did not appeal this order. Depositions were taken. On May 4, 1995 the Court of Appeals overruled *Busy Bee* in *White v Long* (85 NY2d 564). On November 29, 1995, plaintiff notified Supreme Court of the decision and of his desire to reinstate his cause of action relating to the Navigation Law, but he took no formal action.

On November 12, 1996 defendant Agway Energy Products moved for summary judgment dismissing the remaining negligence cause of action, which was denied. On November 10, 1996, five days before the scheduled trial, at a pretrial

conference plaintiff's attorney stated his desire to amend the complaint to assert "individual" causes of action. Trial was adjourned for this purpose. No such amendment was made. On May 1, 1997 plaintiff formally moved to amend his complaint to reinstate the Navigation Law cause of action, which was granted by Supreme Court. Defendants appeal, claiming that the court abused its discretion in granting plaintiff leave to amend due to the extensive delay and resulting prejudice to defendants.

Leave to amend should be freely given absent prejudice or surprise resulting directly from the delay. Absent an abuse of discretion, leave to amend is within the trial court's sound discretion and will not be lightly set aside (*see, Garrison v Clark Mun. Equip.*, 239 AD2d 742).

Despite extensive delay, we find that no prejudice or surprise exists in this case and that Supreme Court properly granted plaintiff leave to amend his complaint (*see, New York State Health Facilities Assn. v Axelrod*, 229 AD2d 864). While delay alone is not sufficient to deny plaintiff leave to amend, if prejudice to defendants is implicated, the amendment should be denied. Agway urges that because the depositions focused solely on the negligence cause of action and not on the Navigation Law, witnesses pertinent thereto were not deposed and are no longer available. Agway's bald statement, absent an identification of witnesses or documents that are no longer available or how these are necessary to the defense of the cause of action based on the Navigation Law, fails to support its contention of prejudice. Plaintiff's amended complaint does not include any new facts but only seeks to add a different theory of liability (*see, JRDM Corp. v U.W. Marx, Inc.*, 237 AD2d 798, 800). Defendants were thus not prejudiced by the amendment.

Agway further urges that plaintiff cannot sue under the theory of *White v Long* (85 NY2d 564, *supra*) in that only a faultless owner of contaminated lands may sue for damages. We conclude that plaintiff has shown merit for the reinstatement of his cause of action in alleging that defendants delivered oil to his premises and caused a discharge thereof on his lands and property. Agway's contrary contentions attributing fault to plaintiff for the spill are more appropriately raised at trial and not in a motion to amend (*see, Dumesnil v Proctor & Schwartz*, 199 AD2d 869, 871), and are insufficient to prevent an amendment of the complaint.

Finally, we find no merit to defendant Lepco Enterprises' contention that the law of the case doctrine bars the amendment.

Crew III, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.